## IN THE UNITED STATES DISTRCIT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

THEODORE MCCLAIN, individually and
on behalf of similarly situated others,

                                 **Case No.  19-CV-10700**

      Plaintiff,

   v.

DALEN PATRICK HANNA,
HANNA LAW PLLC,
and HANNA LLP,

                                 **JURY DEMANDED**

      Defendants.

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.     Plaintiff, Theodore McClain, individually and on behalf of similarly situated others, brings this action against Defendants DALEN PATRICK HANNA, HANNA PLLC, and HANNA LLP and (collectively "Defendants") for violating the Fair Debt Collection Practices Act, ("FDCPA") and mirror state law, the Michigan Regulation of Collection Practices Act, ("MRCPA"), collectively (the "Collection Acts").

2.     Defendants in this case sought to collect a time barred debt, first by sending Plaintiff a letter which threatens to sue Plaintiff if no payment is received within 10 days, followed up by another letter stating in part, "FINAL NOTICE – WE ARE GOING TO SUE YOU" and "**IT IS RECOMMENDED THAT YOU**

**HIRE A LAWYER**", using an envelope which displayed in part the phrase, "NATIONWIDE V MCCLAIN" "20181841", which was sent approximately a month after Plaintiff instructed Defendants, "to send me proof of this debt including Insurance billings." Plaintiff has received more than one phone call from the law firm Defendants attempting to collect monies from him despite his letter instructing Defendants that, "[a]ny further contact is by mail ONLY."

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k (FDCPA), and has jurisdiction over Plaintiff's supplemental state law claims, 28 U.S.C. § 1367(a).

4.     Venue and personal jurisdiction over Defendants in this District is proper because:

  a. Defendants maintains a mailing address at 33717 Woodward Ave., Suite 560, Birmingham, Michigan 48009, https://www.hannallp.com/contact, which is a UPS Store, https://locations.theupsstore.com/mi/birmingham/33717-woodward-ave as the sole location where Defendants can receive mail;

  b. The State Bar of Michigan lists DALEN PATRICK HANNA's and HANNA LAW, PLLC's address as being 33717

Woodward Ave., Suite 560, Birmingham, Michigan 48009-0913;

c. The DC Bar lists DALEN PATRICK HANNA's address as 33717 Woodward Ave., Suite 560, Birmingham, Michigan 48009;

d. Defendants actual physical location of their business operation is believed to be in the district, but is purposefully hidden from the public. *See* https://www.hannallp.com/contact ("Physical Office Address[:] Due to the sensitive nature of our services, visits to our offices are limited to Clients and Attorneys and are by appointment only. Our business is heavily regulated by various State/Federal consumer protection and privacy laws. We appreciate your patience & understanding."); and

e. Defendants' letters were addressed to Plaintiff, who resides in the district.

**PARTIES**

5.     Plaintiff is a natural person who resides in Wayne County, Michigan.

6.     Plaintiff is a natural person obligated or allegedly obligated to pay a debt Defendants sought to collect from him.

7.     Defendants were attempting to collect from Plaintiff an alleged obligation for services which were primarily for personal purposes.

8.    DALEN PATRICK HANNA is an attorney licensed by the State of Michigan and the District of Columbia.

9.    HANNA LAW PLLC is a domestic Professional Limited Liability Company organized under the laws of the State of Michigan on February 16, 2017.

10.    HANNA LLP is the name of an entity that appears on the subject letters and envelope.

11.    Defendants advertise their services on the internet, and one page of Defendants' website, https://www.hannallp.com/lawsuitfactory, states in part:



12.    Defendants' website in part states, "Our firm was founded to serve one type of client: Creditors. We focus entirely on one area of law: Debt Collection. This singular focus has allowed our firm to develop an expertise in the collection of past-due credit and other financial defaults. Contact our offices today

so that our team of attorneys can collect what's lawfully owed to you." https://www.hannallp.com/practice.

13.     Defendants' website states in part, "We help our clients recover past-due, charged-off and *seriously delinquent debt*."     https://www.hannallp.com/ (emphasis added).

14.     DALEN PATRICK HANNA's page on AVVO, states in part:

⭐⭐⭐⭐⭐
Posted by Debora
June 28, 2017

**Great results in collection of old debt**

Our office switched over to the Hanna team from another debt collection law firm. Within a few short weeks we began receiving checks for past due accounts from YEARS prior. Other attorneys took our accounts and disappeared with an occasional payment. Dalen and his team continue to do a great job collecting our accounts. We highly recommend Hanna Law.
Hired attorney ⓘ

https://www.avvo.com/attorneys/48009-mi-dalen-hanna-4842937.html

15.     Defendants regularly collects debts owed to others.

16.     Defendants' principal business is the collection of debts.

17.     Each Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) in regard to the communications directed to Plaintiff and the putative class. *See Heintz v. Jenkins,* 514 U.S. 291, 299, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

18.     Each Defendant is a "regulated person" under MCL 445.251(g) and subject to the Michigan Regulation of Collection Practices Act.

**FACTS**

19.     Plaintiff was sent a form letter from Defendants, which in part stated:



# HANNA LLP
ATTORNEYS & COUNSELORS

Theodore Mcclain

█████████████

## NOTICE OF DEFAULT & DEMAND FOR PAYMENT

Dear Theodore Mcclain:

Please be advised that this law firm has been retained in the within referenced matter. We are writing to you because **you are in default of payment in the amount of $93.22 USD.** Unless attached to this letter, complete details of your debt are available upon written request. As a courtesy, and in effort to give you an opportunity to resolve this matter amicably, we are hereby instructing that you remit payment in full to our address, which is listed below.

We require that our office receive payment within **ten (10) days** of the date of this letter. If you are unable to make payment in full, or if you wish to request a payment plan, please call our office immediately at **(248) 209-6486** to request such an arrangement. We accept credit card payments, check by phone, PayPal and wire transfers. For security and record-keeping reasons, we do not accept cash.

While we anticipate your complete cooperation in this matter, take notice that **we are not a collection agency**, rather, we are a law firm. Therefore, our next course of action will include the filing of a costly and damaging lawsuit. All additional costs necessitated by the filing of a lawsuit, including attorney's fees, will be added to the below past-due amount. Thank you for your valued attention.

Respectfully,

*Dalen P. Hanna*

Dalen P. Hanna, Esq.
Attorney at Law

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CREDITOR**     Nationwide Foot & Ankle Care, P.C.
**BALANCE DUE**    $93.22

Please make payment within 10 days to avoid a lawsuit. MAKE CHECKS PAYABLE TO HANNA LAW. Please include your Matter Number with your payment; your Matter number is provided on the top right corner of this page.

20.     Plaintiff in a letter dated April 5, 2018, informed Defendants, in part:

This is notice for all contact to cease per FDCPA. Any further contact is by mail ONLY.

You are also directed to send me proof of this debt including Insurance billings.

21.     On information and belief, Defendants received Plaintiff's letter dated April 5, 2018.

22.     Defendants did not provide verification of the debt.

23.     Plaintiff had to go to the original creditor to find out information about the debt.

24.     The debt is for medical services and the principal amount of the debt is $63.22.

25.     There is no contractual provision related to the subject debt that provides for attorney's fees or interest.

26.     Plaintiff, after traveling to the original creditor's place of business, determined that the debt with Nationwide Foot & Ankle Care, P.C. was more than six-years old from the date the payment was due when the letter dated March 26, 2018, was sent.

27.     Plaintiff was sent a form letter from Defendants, which in part stated:



Theodore Mcclain

███████████████

**FINAL NOTICE – WE ARE GOING TO SUE YOU**

Dear Theodore Mcclain:

Our office has not received any payment as was demanded in our communications. You will not be receiving any further communication(s) or opportunities to make payment. We are simply going to file a lawsuit against you. **IT IS RECOMMENDED THAT YOU HIRE A LAWYER.**

If you believe there has been a mistake, or you have not received our previous letters regarding this matter, call our office immediately at **(248) 209-6486** to **POTENTIALLY** stop this lawsuit.

In addition to demanding the amount due, as described herein, we will be seeking from the court, an order requiring that you pay our attorney's fees, court costs and all other expenses related to the litigation which your inaction(s) have necessitated.

If you wish to resolve this matter without the necessity and added expense of litigation, YOU MUST call our office at **(248) 209-6486** within 48 hours of receiving this letter. **Good Luck!**

Respectfully,

Dalen P. Hanna, Esq.
Attorney at Law

28.   A redacted copy of the envelope in which the letter dated May 10, 2018, is as follows:




**THEODORE MCCLAIN**

███████████████

**CONFIDENTIAL, LEGAL & TIME SENSITIVE MATTER**

29.     The law firm Defendants have placed at least one phone call to Plaintiff after the receipt of Plaintiff's letter dated April 5, 2018.

30.     Defendants have not filed suit against Plaintiff as of the filing of this Complaint.

## COUNT I – CLASS CLAIM
## THREAT TO SUE ON A TIME BARRED DEBT

31.     Plaintiff incorporates paragraphs 1-30 above herein.

32.     Defendants threatened to sue Plaintiff on a debt that was beyond the Michigan six-year statute of limitations.

**FINAL NOTICE - WE ARE GOING TO SUE YOU**

33.                                                                                  is     an unambiguous threat of suit.

34.     The statement, "We are simply going to file a lawsuit against you" is an unambiguous threat of suit.

35.     The statement, "In addition to demanding the amount due, as described herein, we will be seeking from the court, as order requiring that you pay our attorney's fees, court costs and all other expenses related to the litigation which your inaction(s) have necessitated" is an unambiguous threat of suit.

36.     The statement, "If you wish to resolve this matter without the necessity and added expense of litigation, YOU MUST call our office at **(248) 209-6486** within 48 hours of receiving this letter.   **Good Luck!"** is an

unambiguous threat of suit if the person did not call the office within 48 hours of receiving the letter.

37. The statement, "You many attempt to make payment in full within 48 hours to avoid a lawsuit. Your best course of action is to <u>CALL OUR OFFICE NOW (248) 209-6486</u>" is an unambiguous threat of suit if the person did not call the office within 48 hours of receiving the letter.

38. The statement, "While we anticipate your complete cooperation in this matter, take notice that **we are not a collection agency**, rather we are a law firm. Therefore, our next course of action will include the filing of a costly and damaging lawsuit. All additional costs necessitated by the filing of a lawsuit, including attorney's fees, will be added to the below past-due amount" is an unambiguous threat of suit.

39. Defendants violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f, f(1), MCL 445.252(e), (f)(i).

40. Plaintiff brings this claim on behalf of a class of: All persons with a Michigan address, who were sent a letter in the form of either of the two letters sent to Plaintiff, during a time period from March 8, 2018, to March 8, 2019, seeking to collect a debt in which the date of service, purchase, or last payment on the debt was more than six years prior to the sending of the letter.

WHEREFORE, Plaintiff requests this Honorable Court to:

A. Certify that Count I can proceed as a class action;

B. Appoint Plaintiff as the class representative, award him an incentive award for his service in representing the class; and appoint his counsel as counsel for the class;

C. Enter a judgment against Defendants finding that they violated the Collection Acts;

D. Award Plaintiff and the members of the certified class the maximum amount of statutory damages under each of the Collection Acts respectively;

E. Award Plaintiff and the members of the certified class actual damages; and

F. Award Plaintiff's counsel their reasonable attorney's fees and costs.

### COUNT II – CLASS CLAIM
### THREAT TO SUE WITHIN 48 HOURS
### IF THE DEBT WAS NOT PAID

41.    Plaintiff incorporates paragraphs 1-30 above herein.

42.    The statement, "If you wish to resolve this matter without the necessity and added expense of litigation, YOU MUST call our office at **(248) 209-6486** within 48 hours of receiving this letter.    **Good Luck!"** is an unambiguous threat of suit if the person did not call the office within 48 hours of receiving the letter.

43.    The statement, "You many attempt to make payment in full within 48 hours to avoid a lawsuit.  Your best course of action is to CALL OUR OFFICE

NOW (248) 209-6486" is an unambiguous threat of suit if the person did not call the office within 48 hours of receiving the letter.

44.   Defendants violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), MCL 445.252(e).

45.   Plaintiff brings this claim on behalf of a class of: All persons who were sent a letter in the form of the letter dated May 10, 2018, sent to Plaintiff, during a time period from March 8, 2018, to March 8, 2019, where a lawsuit was not filed against the person within sixty days from the date the letter was sent, and the person either requested verification, disputed the debt, or made a payment on the debt.

WHEREFORE, Plaintiff requests this Honorable Court to:

A. Certify that Count II can proceed as a class action;

B. Appoint Plaintiff as the class representative, award him an incentive award for his service in representing the class; and appoint his counsel as counsel for the class;

C. Enter a judgment against Defendants finding that they violated the Collection Acts;

D. Award Plaintiff and the members of the certified class the maximum amount of statutory damages under each of the Collection Acts respectively;

E. Award Plaintiff and the members of the certified class actual damages; and

F. Award Plaintiff's counsel their reasonable attorney's fees and costs.

## COUNT III – CLASS CLAIM
## ADDING IMPROPER AMOUNTS
## TO THE DEBT SOUGHT TO BE COLLECTED

46.     Plaintiff incorporates paragraphs 1-30 herein.

47.     The principal amount of the debt was $63.22.

48.     Defendants attempted to be collected from Plaintiff $93.22.

49.     There is no basis in law or contract for Defendants to have added $30 on to the debt.

50.     Taken alone, $30 may not seem much, but in the aggregate can result in a debt collector collecting thousands and thousands of dollars that are not permitted.

51.     Defendants violated 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(10), f, f(1), MCL 445.252(e), (f)(i).

52.     Plaintiff brings this claim on behalf of a class of: All persons who were sent a letter from any of the Defendants that included an amount of interest or attorney's fees, or collection fees, where the underlying contract did not provide any rate of interest, or attorney's fees, or collection fees, when the letter was sent during a time period from March 8, 2018, to March 8, 2019.

WHEREFORE, Plaintiff requests this Honorable Court to:

A.  Certify that Count III can proceed as a class action;

B.  Appoint Plaintiff as the class representative, award him an incentive award for his service in representing the class; and appoint his counsel as counsel for the class;

C.  Enter a judgment against Defendants finding that they violated the Collection Acts;

D.  Award Plaintiff and the members of the certified class the maximum amount of statutory damages under each of the Collection Acts respectively;

E.  Award Plaintiff and the members of the certified class actual damages; and

F.  Award Plaintiff's counsel their reasonable attorney's fees and costs.

## COUNT IV
## OVERSHADOWING THE TIME PERIOD IN WHICH THE DEBTOR CAN DISPUTE THE DEBT

53.     Plaintiff incorporates paragraphs 1-30 above herein.

54.     The letter dated March 26, 2018, was the first written communication from Defendants.

55.     The letter dated March 26, 2018, states in part, "We require that our office receive payment within **ten (10) days** of the date of this letter. . . . Therefore, out next course of action will include the filing of a costly and damaging lawsuit."

56.     In *Bartlett v. Heibl,* 128 F.3d 497 (7th Cir. 1997), Judge Posner writing for the Court, drafted a template letter for debt collectors to follow so that they would not overshadow a debtor's rights under 15 U.S.C. § 1692g(a), which included language as follows:

> The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

*Id.* at 502.

57.     The letter dated March 26, 2018, violated 15 U.S.C. § 1692g(b) in that the language "We require that our office receive payment within **ten (10) days** of the date of this letter. . . . Therefore, out next course of action will include the filing of a costly and damaging lawsuit" overshadows the debt collector's duty to cease collections if the debt is disputed.

## COUNT V
## FAILURE TO CEASE COLLECTIONS AFTER
## A REQUEST FOR VERIFICATION

58.     Plaintiff incorporates paragraphs 1-30 above herein

59.     Plaintiff's April 5, 2018 letter disputed the debt by demanding proof of the debt.

60.     Defendants' did not cease their collection efforts on the debt.

61.    Plaintiff has been excessively aggravated by Defendants' continued collection attempts.

62.    If Defendants would have bothered to obtain proof of the debt, like Plaintiff now has done to determine his rights, Defendants should of realized that the debt was barred by the Michigan statute of limitations.

63.    Yet, despite the threats in the firm letters, Defendants have not filed suit and simply continue to harass Plaintiff.

64.    Defendants violated 15 U.S.C. § 1692g(b).

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692f(8)

65.    Plaintiff incorporates paragraphs 1-30 above herein.


NATIONWIDE V MCCLAIN
20181841

66.    Defendants' use of "                    " on the outside of the envelope makes it appear as if a lawsuit in the year 2018 has been filed against Plaintiff by the original creditor, Nationwide.

67.    America is a nation of debtors, with "[a]lmost one-third of consumers (32 percent) report being contacted over the past year by a creditor or debt collector about a debt." Consumer Financial Protection Bureau,  Consumer Experiences with Debt Collection (Jan. 2017) *available at* http://files.consumerfinance.gov/f/documents/201701_cfpb_Debt-Collection-Survey-Report.pdf.

68.     "One in 10 working Americans between the ages of 35 and 44 are getting their wages garnished."   Chris Arnold, Millions of Americans' Wages Seized Over Credit Card and Medical Debt, NPR, (Sept. 15, 2014) article *available at*   https://www.npr.org/2014/09/15/347957729/when-consumer-debts-go-unpaid-paychecks-can-take-a-big-hit.

69.     A state court lawsuit filed in a Michigan District Court against an individual is therefore more than likely a debt collection lawsuit against a consumer, especially because Michigan District Court's amount in controversy threshold is $25,000.   MCL 600.8301(1).

70.     The risk of harm that Congress and Michigan Legislature sought to prevent occurred the moment the subject envelope was placed in the U.S. Mail.

71.     There is a risk associated with the U.S. Mail in that the mail can be misdelivered.

72.     U.S. Postal carriers are trained to and are required to look at the name and address of the recipient in order to deliver the mail.

73.     The Fair Debt Collection Practices Act, "strongly protects the consumer's right to privacy by prohibiting a debt collector from communicating the consumer's personal affairs to third persons[.]"   *Berg v. Merch.s Ass'n Collection Div.,* 586 F. Supp. 2d 1336, 1341 (S.D. Fla. 2008) (*quoting S. Rep. No. 95-382* at 4 (1977) as reprinted in 1977 U.S.C.C.A.N. 1695, 1700)).

74.     Senate Report No. 95-382, provides in part, "NEED FOR THIS LEGISLATION . . . Collection abuse takes many forms, including . . . disclosing a consumer's personal affairs to friends, neighbors, or an employer . . ."

75.     The harm alleged here is precisely the type of misconduct that the Act was intended to protect.

76.     15 U.S.C. § 1692f(8) provides:

> (8) Using *any language* or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

77.     "If the FDCPA makes one thing clear, it is that debt collectors must be circumspect in the way they choose to communicate with debtors. This is a highly regulated industry, and strict compliance is the order of the day." *Thompke v. Fabrizio & Brook, P.C.,* 261 F. Supp. 3d 798, 811 (E.D. Mich. Aug. 14, 2017).

NATIONWIDE V MCCLAIN

20181841

78.     Making visible _____ "is the use of any language on any envelope "other than the debt collector's address".

79.     Plaintiff has the legal substantive right to not having disclosed via an envelope that he perhaps is a defendant in a collection suit.

80.     Plaintiff has the legal substantive right to privacy and seclusion.

81.    Plaintiff's right to privacy and seclusion have been violated by

NATIONWIDE V MCCLAIN



20181841

displaying                                    .

## COUNT VII
## OTHER VIOLATION IN THE MARCH 26, 2018 LETTER

82.    Plaintiff incorporates paragraphs 1-30 above herein.

83.    The March 26, 2018 letter in part states, "[O]ur next course of action will include the filing of a costly and damaging lawsuit"

84.    The above quoted statement was false, misleading and deceptive in violation of as Defendants "next court of action" did not "include filing a costly and damaging lawsuit" it was sending the May 10, 2018 letter stating in part:



FINAL NOTICE - WE ARE GOING TO SUE YOU

85.    Defendants violated 15 U.S.C. § 1692e, MCL 445.252(e).

## COUNT VIII
## OTHER VIOLATION IN THE MARCH 26, 2018 LETTER

86.    Plaintiff incorporates paragraphs 1-30 above herein.

87.    The agreement for Plaintiff to pay the original creditor does not contain an attorney fee provision.

88.    On information and belief, Defendants were retained to collect the debt on a contingency basis which is described on Defendant's website as follows:

Hanna Law's current contingency rate is set at ***33.33% (1/3)*** of any monies earned or collected as a result of its pre-litigation collection efforts and ***50.00% (1/2)*** of any monies earned as a result of its post-filing and post-judgment collection efforts. Unless there is a written agreement to the contrary, these contingent amounts are exclusive of costs, expenses and other third-party services associated with the collection and litigation process.

Upon collection of any amount, whether in-full or in-part, including payments on account, Hanna Law retains for its services a gross amount of the above listed percentage(s) of any such amount earned, settled or collected; the balance of which shall be remitted within 30 days of receipt, verification and settlement of such funds to Client via check or other similar method of payment. Any damages or awards of '*Attorney-Fees*' (include the same which may be identified by other similar designation such as court-ordered sanctions against the other party) are considered additional legal fees and belong exclusively to Hanna Law and are not subject to setoff from the above listed contingency percentage(s).

https://www.hannallp.com/fees (emphasis original).

89.     Defendants' March 26, 2018 letter which states in part, ". . .  the filing of a costly and damaging lawsuit.  All additional costs necessitated by the filing of a lawsuit, including attorney's fees, will be added to the below past-due amount." violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), MCL 445.252(e).

WHEREFORE, Plaintiff on his individual claims, Counts III-VII, requests this Honorable Court to enter judgment in his favor, against the Defendants, for statutory and actual damages, along with reasonable attorney's fees and costs.

Respectfully submitted,

/s/ Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY, Ste. 300

(847) 701-5290 (TEL)
cwarner@warner.legal

John A. Evanchek (P66157)
KELLEY & EVANCHEK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540 (TEL)
john@kelawpc.com

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290
cwarner@warner.legal

John A. Evanchek (P66157)
KELLEY & EVANCHEK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540 (TEL)
john@kelawpc.com

## Demand for Preservation of All Tangible Documents
## Including Electronically Stored Information

Defendants, and their subsidiaries, divisions or affiliates and its respective officers, directors, agents, attorneys, employees, partners or other persons occupying similar positions or similar functions are requested are demanded to immediately preserve potentially relevant documents and ESI regarding the time period March 8, 2018, to the date of the receipt of the above Complaint. This preservation obligation extends beyond documents, tangible things and ESI in your care, possession or custody, it includes documents, tangible things and ESI that is subject to your direction or control. Accordingly, you must notify any current or former agent, attorney employee, custodian or contractor in possession of potentially relevant documents, tangible things and ESI to preserve documents, tangible things and ESI to the full extent of your obligation to do so and you must take reasonable steps to secure their compliance. Potentially relevant documents, other tangible things and ESI include:

1. Regarding the events and causes of action described in Plaintiff's class action complaint above;
2. Regarding Defendants' defenses to Plaintiff's class action above;
3. The names and address of persons who were sent letters in the form described in the complaint above;
4. Information about the amount of money collected from persons who were sent letters who were sent letters in the form described in the complaint above; and
5. Records of each of Defendant's finances, including any money transfers after the receipt of this complaint.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
cwarner@warner.legal

## CERTIFICATE OF SERVICE

I, Curtis C. Warner, hereby certify that on **March 8, 2019**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send automatically notification to all attorneys of record who have so appeared. A copy of this document will be served upon Defendants.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY., Ste. 300
Park Ridge, IL 60068
(847) 701-5290
cwarner@warner.legal