UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **THEODORE McCLAIN**, | 2:19-cv-10700 |
| Plaintiff, | HON. TERRENCE G. BERG |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION, AND DENYING OTHER PENDING MOTIONS AS MOOT** |
| **DALEN PATRICK HANNA, HANNA LAW PLLC, HANNA LLP**, | |
| Defendants. | |

This case presents the question of what happens if the lead plaintiff in a proposed class action lawsuit files a "placeholder" motion for class certification and then immediately accepts a defendant's offer of individual judgment under Rule 68 of the Federal Rules of Civil Procedure, before the motion for class certification is fully briefed. Is the Court required to enter judgment in the plaintiff's favor on the individual claims and dismiss the class claims, or can the complaint's "captain-less" vessel sail forward on the sea of class-action litigation? Applying the Sixth Circuit's precedent governing this area of law, the Court concludes that, at least in this case, the complaint is sunk.

Plaintiff Theodore McClain brought suit against Defendants, Dalen Patrick Hanna, Hanna PLLC, and Hanna LLP, an attorney and his law firm, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and Michigan Regulation of Collection Practices Act, Mich. Comp. Laws § 445.252(e) *et seq*. Plaintiff claims Defendants sent him two letters and later called him on the telephone to collect a debt that was time-barred. In accord with Rule 68, Defendants made an offer of judgment on Plaintiff's individual claims and Plaintiff accepted that offer—but not before filing a self-described "placeholder" motion for class certification. While settling his own claim Plaintiff nevertheless seeks to maintain this suit in order to certify a class of all individuals with Michigan addresses who received similar letters from Defendants between March 8, 2018 and March 8, 2019.

Several matters are currently before the Court: from Plaintiff, his motion for class certification (ECF No. 13), his acceptance of the Rule 68 offer of judgment (ECF No. 14), and a motion for an extension of time to file his reply to Defendants' response to his motion for class certification (ECF No. 18); from Defendants, a motion to dismiss the complaint (ECF No. 22). The motion for class certification, expressly described by Plaintiff as a mere "placeholder," was filed to procedurally preserve class claims even though Plaintiff had already resolved to accept Defendants' offer of judgment on his individual claims. Moreover, Plaintiff acknowledges he does not yet have adequate facts to support his motion for class

2

certification. Having closely examined relevant precedent, the Court concludes that the mootness doctrine requires dismissal of Plaintiff's putative class claims. Accordingly, the Court will instruct the Clerk of Court to enter Rule 68 judgment on Plaintiff's individual claims and will dismiss Plaintiff's class claims as moot. Plaintiff's motion to certify a class (ECF No. 13), and for extension of time to file his reply (ECF No. 18), as well as Defendants' motion to dismiss the complaint (ECF No. 22), will accordingly be denied as moot.

## BACKGROUND

Plaintiff Theodore McClain filed his class action complaint on March 8, 2019, on behalf of himself and others similarly situated, alleging that Defendants sent him two threatening letters and attempted to contact him by phone to collect a time-barred debt. *See* ECF No. 1. Defendant Dalen Hanna is an attorney licensed by the State of Michigan and the District of Columbia. ECF No. 1 PageID.4. Defendant Hanna Law PLLC is a domestic professional limited-liability company organized under the laws of the State of Michigan. ECF No. 1 PageID.4. And Defendant Hanna LLP is the name of an entity that appears on the letters at issue in this case. ECF No. 1 PageID.4. Defendants' website advertises that they represent "a wide range of creditors in the area of collecting past-due and otherwise uncollectible debt(s)." *Practice*, HANNA LLP, https://www.hannallp.com/practice.

Plaintiff received a letter from Defendants dated March 26, 2018 claiming that he was "in default of payment in the amount of $93.22 USD" and "require[d]" to remit payment in full within 10 days to avoid "the filing of a costly and damaging lawsuit." ECF No. 1 PageID.6. Plaintiff avers that he sent a letter to Defendants on April 5, 2018 in which he wrote: "This is notice for all contact to cease per FDCPA. Any further contact is by mail ONLY. . . . You are also directed to send me proof of this debt including Insurance billings." ECF No. 16-1 PageID.129. The debt at issue, according to Plaintiff, was for medical services with Nationwide Foot & Ankle Care, P.C., the principal amount being $63.22. ECF No. 1 PageID.7. Plaintiff maintains that the debt "was more than six-years old from the date the payment was due when the letter dated March 26, 2018, was sent [by Defendants]." The debt was therefore time-barred and not collectible. ECF No. 1 PageID.7. But after sending his "cease-contact letter" to Defendants, Plaintiff received another letter from Defendants, dated May 10, 2018, which stated, "Our office has not received any payment as was demanded in our communications. . . . We are simply going to file a lawsuit against you." ECF No. 1 PageID.8. The letter also directed Plaintiff to contact Defendants "If you believe there has been a mistake, or you have not received [Defendants'] previous letters." ECF No. 1 PageID.8. Additionally, Plaintiff contends "Defendants have placed at least one phone call to Plaintiff after the receipt of Plaintiff's letter dated April 5,

2018." ECF No. 1 PageID.9. Defendants never filed any lawsuit to collect the debt. ECF No. 1 PageID.9. Instead, Plaintiff filed this complaint alleging individual and class claims for violation of various Fair Debt Collection Practices Act provisions. ECF No. 1.

On March 15, 2019, Defendants sent Plaintiff an offer of Rule 68 judgment "offer[ing] to allow Judgment to be entered against them and in favor of Plaintiff . . . as to all counts of Plaintiff's complaint," including actual damages in the amount of $600.00 and statutory damages in the amount of $1,501.00, as well as Plaintiff's costs accrued to-date and reasonable attorney's fees. ECF Nos. 14-4, 14-2. The judgment appears to represent the maximum amount of relief Plaintiff could receive for his personal FDCPA claims. Four days later, on March 19, 2019, Plaintiff filed a motion seeking to certify a class of plaintiffs who received letters from Defendants from March 8, 2018 through and including March 9, 2019.[1] *See* ECF No. 13 at PageID.48–49. Plaintiff described the motion for class certification as "simply a placeholder motion, a belt and suspenders motion, in light of Defendants' Rule 68 Offer of Judgment, which will subsequently be accepted by Plaintiff." ECF No. 13 PageID.46.

---

[1] More specifically, the proposed class includes individuals who received letters from Defendants during this period that: (1) included an amount of interest or attorney's fees or collection fees not provided for in the underlying contract; (2) concerned debts that had accrued more than six years before Defendants sent the letter; or (3) who requested verification from Defendants, disputed the debt, or made a payment on the debt and were not sued by Defendants within 60 days of the date the letter was sent. ECF No. 13 PageID.48–49.

5

Obviously, at the time the motion to certify a class was filed, Plaintiff had already decided to accept the individual offer of judgment and settle Plaintiff's individual claims.

The same day Plaintiff filed his motion for class certification, he also filed a notice communicating his acceptance of Defendants' offer of judgment. In the notice, Plaintiff argued that his acceptance of the offer "does not moot the claims of the putative class members or . . . Plaintiff's ability to seek to have a class certified and represent the certified class." ECF No. 14 PageID.64. He also emphasized that the offer of judgment encompassed only Plaintiff's individual claims. *Id.* Defendants then opposed the motion for class certification on the basis that Plaintiff had already accepted Defendants' offer of judgment and thereby resolved his individual claims, causing the potential class action to become moot. *See generally* ECF No. 16. Additionally, Defendants urge that the proposed class cannot meet Rule 23's requirements of numerosity, commonality, and typicality. *Id.*; *see* Fed. R. Civ. P. 23(a). Plaintiff then filed a motion asking this Court to allow a substantial extension of time to reply to Defendants' response to the motion for class certification so that he can conduct class discovery. *See* ECF No. 18. Plaintiff says he needs to gather additional information to provide support for his motion for class certification. *Id.* Defendants, in turn, filed a motion to dismiss the complaint on the basis of Plaintiff's acceptance of the offer of judgment,

urging that judgment must now be entered on Plaintiff's individual claims, and the proposed class action claims dismissed. ECF No. 22.

## DISCUSSION

Rule 68 of the Federal Rules of Civil Procedure provides that a defendant "may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If, within 14 days of being served, the plaintiff "serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. *The clerk must then enter judgment*." *Id.* (emphasis added). The Sixth Circuit has described operation of Rule 68 as "mandatory," explaining that it "leaves no discretion in the district court to do anything but enter judgment once an offer had been accepted." *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991). Because Rule 68 directs that "the clerk *shall* enter judgment after proof of offer and acceptance have been filed," the Rule expressly contemplates that "the district court possesses no discretion to alter or modify the parties' agreement." *Id.* (emphasis in original). Entry of a Rule 68 judgment is therefore "ministerial rather than discretionary." *Id.* Its purpose "is to encourage settlement and avoid litigation." *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 624 (6th Cir. 2005) (quoting *Marek v. Chesny*, 473 U.S. 1, 5 (1985)). "The rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the

likelihood of success upon trial on the merits." *Mallory*, 922 F.2d at 1277 (quoting *Marek*, 473 U.S. at 5).

Receiving an offer of judgment that fully addresses a plaintiff's claims appears at first blush to be purely a beneficial outcome for any plaintiff. But when the suit includes a request to certify a class action, accepting such an offer may also doom that request if no class has yet been certified. This is because Article III of the Constitution requires that "federal courts may adjudicate only actual, ongoing cases or controversies." *Kentucky v. U.S. ex rel: Hagel*, 759 F.3d 588, 595 (6th Cir. 2014) (internal quotation marks omitted). If a class has already been certified, the settling of the named plaintiff's claim will not moot the entire action. The court will continue to have jurisdiction to decide the merits of the action so long as a controversy continues to exist between any other class member and the defendant. *Wilson v. Gordon*, 822 F.3d 934, 942 (6th Cir. 2016) (citing *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993)). But "'[if] the named plaintiff's claim becomes moot *before* [class] certification,' the ordinary rule is that 'dismissal of the action is required.'" *Wilson*, 822 F.3d at 942 (quoting *Brunet*, 1 F.3d at 399 (emphasis in original)).

The Sixth Circuit has acknowledged three exceptions to the general rule requiring dismissal of an action where the named plaintiff's claims become moot before class certification. *See Wilson*, 822 F.3d at 944–952. These exceptions include the "picking off" exception, so-called to describe

8

the situation where the defendant "picks off" representative plaintiffs in an otherwise valid class action by offering Rule 68 judgment, negotiating settlement, or otherwise causing a lead plaintiff's claims to become moot (whether voluntarily or involuntarily) in an attempt to undermine the class action process. The other two exceptions, not relevant here, are the "inherently transitory" exception[2] and the "capable of repetition but evading review" exception. *See Wilson*, 822 F.3d at 944-52 (discussing all three exceptions).

Of these, the most relevant is the "picking off" exception to the mootness doctrine; it originates from the Supreme Court's decision in *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 339 (1980). In that case, the Supreme Court held that neither the defendant's *unaccepted* offer of Rule 68 judgment on the individual putative representatives' claims nor the district court's entry of judgment in favor of named plaintiffs over their objections mooted their individual claims, and that plaintiffs were therefore permitted to appeal the district court's

---

[2] The Court finds the "inherently transitory" exception does not apply here because the injury alleged is not "so transitory that it would likely evade review by becoming moot before the district court can rule on class certification." *Wilson*, 822 F.3d at 954. There is no inherent uncertainty about the length of time a claim for violation of the Fair Debt Collection Practices Act or related Michigan law will remain alive. *See id.* (citing *Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152, 158–59 (6th Cir. 2010) (explaining that the crux of the inherently transitory exception is uncertainty about how long a claim will remain alive)). Similarly, the "capable of repetition but evading review" exception is not applicable because Plaintiff has not suggested either that the same action by Defendants is likely to recur, or that if it did, it would not be possible to obtain legal recourse against it.

denial of class certification. *Id.* at 339–40. Notably, the Court expressed concern that denying the right to appeal simply because the defendant unsuccessfully sought to "buy off" the named plaintiffs' individual claims "would be contrary to sound judicial administration" and "frustrate the objectives of class actions" by requiring multiple plaintiffs to bring separate actions, only to be "picked off" by a defendant's tender of judgment before the district court rules on class certification. *Id.* at 339. Essentially, the Court worried that class-action defendants would be permitted always to forestall any appeal of denial of class certification simply by tendering the individual damages alleged by the named plaintiffs. *Id.*

The *Roper* Court was addressing the effect of *unaccepted* offers of Rule 68 judgment and involuntary termination of plaintiffs' rights to appeal denial of class certification. The Sixth Circuit would subsequently distinguish *Roper* and another related case, *United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980), from cases involving *voluntary* settlement by plaintiffs, including acceptance of Rule 68 offers of judgment. In *Pettrey v. Enterprise Title Agency, Inc.*, 584 F.3d 701 (6th Cir. 2009), for example, the court distinguished the case before it from *Roper* and *Geraghty* first, on the basis that, in *Pettrey,* "the named plaintiffs' claims were voluntarily relinquished, whereas they were involuntarily terminated in both *Roper* and *Geraghty*." *Pettrey*, 584 F.3d at 705. Second, the Sixth Circuit distinguished *Pettrey* from *Roper* and

10

*Geraghty* because the *Pettrey* defendants agreed to pay all attorney's fees and costs plaintiffs incurred in pursuing both their individual and class claims. *Id.* at 705. Accordingly, the *Pettrey* plaintiffs had no litigation costs that could be shifted to putative class members and so retained no personal stake in the litigation, rendering their appeal of the district court's denial of class certification moot.[3] *Id.*

Though *Pettrey* was interpreting *Roper*, it did not directly implicate the "picking off" exception because in *Pettrey* settlement of the plaintiff's claims occurred after the motion for class certification had already been denied. *Id.* at 707. Policy concerns related to the "picking off" of named plaintiffs, the Sixth Circuit determined, arise only "when a defendant attempts to eliminate the named plaintiffs at the outset of the class action by conveying an offer of judgment or settlement with the named plaintiffs before or immediately after a class certification motion is filed." *Id.*

In the instant case, this Court has not yet made any decision on class certification, nor is the motion for class certification even fully

---

[3] More recently, in *Montgomery v. Kraft Foods Global, Inc.*, 822 F.3d 304 (6th Cir. 2016), the Sixth Circuit examined a scenario in which the named plaintiff accepted the defendant's Rule 68 offer of judgment, which included costs and attorney's fees, but then sought to appeal the district court's denial of class certification. The Sixth Circuit this time found that the plaintiffs' acceptance of the offer of judgment foreclosed her appeal because certification of the class would not have had the potential to leave the plaintiff in a better position with respect to attorney's fees and costs than would accepting the Rule 68 offer of judgment. *Id.* at 310.

briefed. Because the question before the Court is not whether Plaintiff has a right to appeal denial of class certification, *Roper* and *Geraghty* are not directly on point.[4] Instead, to determine whether the "picking off" exception is properly applied here, the Court will analyze more recent Sixth Circuit opinions that have addressed application of the exception first articulated in *Roper* to cases where a motion for class certification has not yet been ruled on by the district court.

In *Brunet v. City of Columbus*, 1 F.3d 390, a 1993 case central to this circuit's "picking off" doctrine, no motion for class certification had yet been filed when the defendant offered to settle the named plaintiffs' individual claims. Plaintiffs accepted the settlement offer but subsequently filed a motion for class certification. *Id.* at 400. The Sixth Circuit found the "picking off" exception did not apply under those facts because the exception had so far been "limited to the situation where a motion for class certification has been pursued with reasonable diligence and is then pending before the district court [when picking off occurs]." *Id.* (internal punctuation omitted) (citing *Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 870 (7th Cir. 1987), *cert. denied*, 445 U.S. 942 (1980) and *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1051 (5th Cir. 1981)). Critically, *Brunet* "distinguished between cases that are settled before a

---

[4] The Sixth Circuit stated, in *Brunet*, 1 F.3d at 400, that *Roper* and *Geraghty* "are limited to the question of a proposed class representatives' right to appeal the denial of class certification."

motion for class certification is filed and cases where a settlement offer is made to a named plaintiff while a motion for class certification is pending," finding that tender made to an individual plaintiff in the latter situation "could prevent the courts from ever reaching the class action issues . . . even in cases where a class action would be most clearly appropriate." *Carroll*, 399 F.3d at 625. It is now well-settled in this circuit that in the category of cases where a named plaintiff accepts an offer of settlement or Rule 68 judgment *before* moving for class certification, she will no longer have a live case or controversy and will therefore be disqualified from representing a putative class, causing the case to become moot and depriving the district court of jurisdiction. *See, e.g., Montgomery*, 822 F.3d at 311; *Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152, 156 (6th Cir. 2010); *Pettrey*, 584 F.3d at 704–06; *Brunet*, 1 F.3d at 399–400. But Sixth Circuit jurisprudence is less clear when it comes to the other category of cases—those where a settlement offer is made to a named plaintiff while a motion for class certification is pending. The difficulty appears to stem from the myriad of different factual scenarios encompassed within this latter category, which implicate to varying degrees the policy concerns underpinning the "picking off" exception.

In *Carroll v. United Compucred Collections, Inc.*, the Sixth Circuit addressed "the effect of an *unaccepted* Rule 68 offer of judgment in a case where class certification is pending but has not yet been granted." 399

F.3d at 624–25 (emphasis added). The named *Carroll* plaintiffs had moved for class certification and the district court then referred the motion to a magistrate judge, who issued a Report and Recommendation indicating that the district court should certify the class. *Id.* at 621–22. Three months later, the defendant tendered an offer of Rule 68 judgment to the named plaintiffs and the putative class "that equaled or exceeded the maximum recovery to which each was entitled under the FDCPA," including costs and reasonable attorney's fees. *Id.* The defendant then moved to dismiss plaintiffs' class action complaint as moot merely on the basis of the pending offer of judgment. *Id.* The following day, the offer was accepted by the named plaintiffs on behalf of themselves and the class. *Id.* Relying on the fact that the motion to certify the class had already been filed and fully briefed at the time the defendant made its offer of judgment, and a Report and Recommendation suggesting class certification issued (though not yet accepted by the district court), the Sixth Circuit affirmed the district court's denial of the defendants' motion to dismiss the complaint as moot. *Id.* at 625. The panel in *Carroll* interpreted *Brunet's* holding to mean "that it would be inappropriate to hold that a case was mooted by a settlement offer made to a named plaintiff when a motion for class certification was pending." 399 F.3d at 625.

Consistent with the Sixth Circuit's ruling in *Carroll*, the Supreme Court recently held, in *Campbell-Ewald Company v. Gomez*, 136 S. Ct.

663, 666 (2016), that a defendant's unaccepted offer of Rule 68 judgment, even if presented before the plaintiff moves for class certification, will not render a potential class action complaint moot. In that case, before the deadline to file a motion for class certification, the defendant proposed to settle the plaintiff's individual claim and filed an offer of judgment under Rule 68. *Id.* at 667. The offer included costs, excluding attorney's fees (the award of which was not provided for by the statute at issue), treble-damages, and an injunction prohibiting defendant from engaging in the conduct act issue in the suit. *Id.* at 667–68. But the named plaintiff did not accept the settlement offer within 14 days, causing it to lapse under Rule 68(a). Fed. R. Civ. P. 68(a). Defendant thereafter moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction under the theory that no live case or controversy remained. *Campbell-Ewald Co.*, 136 S. Ct. at 668. The Supreme Court granted certiorari to resolve disagreement among the Courts of Appeal "over whether an unaccepted offer can moot a plaintiff's claim, thereby depriving federal courts of Article III jurisdiction." *Id.* at 669. Emphasizing that, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot," the Court concluded that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." *Id.* at 669 (quoting *Chafin v. Chafin*, 568 U.S. 165, 172), 672. Though *Campbell* sheds little light on the "picking off" exception, the Supreme Court appeared to weigh policy

considerations that counsel against putting defendants "'in the driver's seat,' enabling them to avoid significant class-based liability." *Wilson*, 822 F.3d at 949–50 (quoting *Campbell-Ewald Co.*, 136 S. Ct. at 672).

Shortly after the Supreme Court's ruling in *Campbell-Ewald Co. v. Gomez*, the Sixth Circuit again addressed the "picking off" exception in both *Wilson v. Gordon*, 822 F.3d 934 and *Unan v. Lyon*, 853 F.3d 279 (6th Cir. 2017). In *Wilson*, the plaintiffs alleged that as a result of problems related to updating the State of Tennessee's Medicaid program, TennCare, they experienced delays in their Medicaid eligibility determinations and did not receive fair hearings on those delays. *See id.* at 939–42. A day before the hearing on plaintiffs' motion for class certification, the State enrolled the named plaintiffs and 100 other potential class members in TennCare. *Id.* at 941. The Sixth Circuit agreed with the district court that the "picking off" exception applied "and pointed to the timing and method of relief to support [the court's] conclusion." *Unan*, 853 F.3d at 286 (discussing *Wilson*, 822 F.3d at 950–51). For example, the court found it relevant that the individual claims were mooted on the eve of the class certification hearing and through an ad hoc process rather than a standard, established procedure for settlement, such as a Rule 68 offer of judgment. *Wilson*, 822 F.3d at 950–51. The *Wilson* court also reiterated policy concerns that weigh in favor of applying the "picking off" exception to mootness where a motion for class certification is pending because in that situation "the defendant is

16

on notice that the named plaintiff wishes to proceed as a class, and the concern that the defendant therefore might strategically seek to avoid that possibility exists." *Unan*, 853 F.3d at 285 (quoting *Wilson*, 822 F.3d at 947; *Brunet*, 1 F3d at 400 ("If a tender made to the individual plaintiff while the motion for class certification is pending could prevent the courts from ever reaching the class action issues, that opportunity is at the mercy of a defendant, even in cases where a class action would be most clearly appropriate"). For similar reasons, the Sixth Circuit applied the "picking off" exception in *Unan*, which was factually similar to *Wilson*. There, the defendant did not seek to resolve the named plaintiffs' individual claims until after a motion for class certification was filed. *Unan*, 853 F.3d at 286. Additionally, the court observed how defendant "quickly moved to moot the claims of . . . a putative class member, as soon as she was identified in a motion to intervene as a potential [class] representative," and did so via an ad hoc process, and on a case-by-case basis after certain individual named plaintiffs were identified in the lawsuit. *Id.*

Regarding the impact timing of a named plaintiff's acceptance of Rule 68 judgment has on determining whether the putative class action will be considered moot, the Sixth Circuit suggested, in *Mey v. North American Bancard, LLC*, 655 F. App'x 332 (6th Cir. 2016), that for the "picking off" exception to apply, a motion for class certification must be not only pending but "perhaps also fully briefed at the time that the lead

17

plaintiff's individual claims became moot" because of her acceptance of an offer of judgment. (citing *Carroll*, 399 F.3d at 625 and *Brunet*, 1 F.3d at 399–400). Only then will the putative class action survive. In *Mey*, apparently wary of the prospect that a Rule 68 offer of judgment could moot her putative class claims, the plaintiff filed a motion for class certification along with her complaint to prevent defendant from "picking her off" to avoid class action litigation. *Mey*, 655 F. App'x at 334. But the district court denied the motion for class certification as premature, citing the need to serve the defendant and issue a scheduling order. *Id.* at 335. Before the Court issued its scheduling order, the defendant made a Rule 68 offer of judgment. *Id.* at 334. The offer satisfied the individual plaintiff's demands, including compensation for all alleged Telephone Consumer Protection Act violations, and an injunction. *Id.* at 337. When plaintiff rejected that offer, the defendant complained that the offer had by itself mooted plaintiff's individual claims and asked the court to enter judgment on plaintiff's individual claims in plaintiff's favor and dismiss the remaining class claims. *Id.* at 335. Applying the Supreme Court's recent decision in *Campbell-Ewald Company v. Gomez*, the Sixth Circuit determined that the lower court had improperly dismissed plaintiff's individual claims based only on the unaccepted offer of Rule 68 judgment. *Id.* at 337. But the Sixth Circuit declined "to revisit the scope and applicability of *Brunet* and *Carroll* in light of [the] recent decision in *Wilson v. Gordon*. 922 F.3d 934 (6th Cir. 2016)," and therefore to assess

the effect potential mooting of plaintiff's individual claims would have on her class claims. *Id.* Though *Mey* by no means offers comprehensive guidance on application of the "picking off" exception when a motion for class certification is pending, the opinion's dicta suggesting that a motion for class certification should be fully briefed at the time the named plaintiff's individual claims became moot for her class claims to survive is instructive in resolving the case presently before the Court.

The Supreme Court has not addressed the question of whether a named plaintiff who voluntarily settles her claim while a motion for class certification is pending can continue to represent a class. *Wilson*, 822 F.3d at 943 n.2. Neither has the Sixth Circuit taken a definitive position on whether, and under precisely which circumstances, the "picking off" exception applies to a named plaintiff who voluntarily settles her individual claims, for example, by accepting a Rule 68 offer of judgment, while her motion for class certification is pending but not yet fully briefed. *Id.* at 951 n.3*; see Mey*, 655 F. App'x at 337 (declining to revisit the question of what effect the mooting of a lead plaintiff's claims through Rule 68 judgment will have on potential class claims after the Sixth Circuit's opinion in *Wilson*, 822 F.3d 934). Trends in the Sixth Circuit's recent jurisprudence suggest that, in applying the "picking off" exception, the court is shifting its focus to the defendant's behavior to assess whether the policy concerns justifying the exception are implicated. At the same time, however, the court appears unwilling to mechanically

19

apply the exception when a named plaintiff's class claims are yet merely speculative, as is the case when the motion for class certification is not yet fully briefed or well-supported.

Reviewing the Sixth Circuit's cases relevant to the "picking off" exception, it appears that the appellate court is applying a sliding scale test of sorts. At one end of the scale, the court weighs the extent to which the plaintiff's putative class claims have been well-developed and supported in the briefing of the parties and considered by the trial court. The more developed and considered the class action claims are—such as after the motion for class certification is fully briefed—the less willing the court will be to allow a defendant to moot the class action by settling with the lead plaintiff. Such was the case in *Carroll*, where the magistrate judge had already issued a Report and Recommendation suggesting class certification when the defendant sought to dismiss the class claims on the basis of an unaccepted offer of Rule 68 judgment. 399 F.3d at 624–25. The Sixth Circuit affirmed the district court's denial of the defendants' motion to dismiss the complaint as moot. *Id.* at 625. Inversely, the more speculative and less developed the class claims, the more willing the court will be to apply the general rule that settling with the lead plaintiff will moot the case and require dismissal.

At the other end of the scale, the court weighs the extent to which the defendant's conduct reveals an underlying motive or stratagem to settle the lead plaintiff's claims simply to eviscerate a potentially valid

20

class action. The more evidence there is of such a motivation, the more the court will be likely to apply the "picking-off" exception to the mootness doctrine. But where there is little or no evidence suggesting such a motivation, the court will be less inclined to find that the "picking-off" exception applies. These policy concerns were originally expressed by the Supreme Court in *Roper* and recently reiterated by the Sixth Circuit in *Wilson* and *Unan*. This Court's efforts to interpret the thrust of Sixth Circuit jurisprudence aside, none of the circuit's existing opinions offer clear guidance for the precise factual scenario before this Court, where the plaintiff files a "placeholder" motion for class certification almost simultaneously with her notice of acceptance of defendant's offer of judgment on the individual claims. Having carefully examined relevant precedent in this circuit, the Court finds it would not be proper to apply the "picking off" exception to this case for the following reasons.

First, the reasoning set out in *Mey*, *Brunet*, and *Carroll* suggests that a motion for class certification should be well-supported and fully briefed for it to serve as a safeguard against the mooting of class claims after the lead plaintiff accepts an individual offer of judgment. 655 F. App'x 332; 1 F.3d 390; 399 F.3d 620. This reading leads the Court to conclude that a plaintiff cannot preserve class claims simply by filing a placeholder motion for class certification, unsupported by evidence or substantive legal arguments, where the representative plaintiff has fully accepted a settlement. Here, Plaintiff filed a shell motion for class

certification eleven days after his complaint, and just four days after he received (and had already decided to accept but had not yet formally accepted) an offer of individual judgment from Defendants. *See* ECF Nos. 1, 13, 14-2. Plaintiff readily admitted that the motion was "simply a placeholder . . . in light of Defendants' Rule 68 Offer of Judgment, which will subsequently be accepted by Plaintiff, who is of the position that a class action still can be maintained after such an acceptance."[5] ECF No. 13 PageID.46. He further acknowledged that to adequately respond to Defendants' arguments against class certification, it would be necessary to "seek discovery as to the number of class members" and other outstanding questions. ECF No. 13 PageID.53. Plaintiff's motion for class certification was therefore admittedly premature, like the plaintiff's motion in *Mey*. *See* 655 F. App'x at 334.

---

[5] Further informing the Court's decision that Plaintiff's filing of a "placeholder" motion for class certification cannot by itself preserve his class claims is the fact that "there is neither a procedural rule nor any Sixth Circuit authority that allows for the filing of such premature, 'placeholder motions.'" *Wasvary v. WB Holdings, LLC*, No. 15-10750, 2015 WL 5161370, at *3 (E.D. Mich. Sep. 2, 2015). Accordingly, "[c]ourts typically dismiss 'placeholder' motion[s] for class certification as premature." *Progressive Health and Rehab Corp. v. Strategy Anesthesia, LLC*, 271 F. Supp.3d 941, 949 (S.D. Ohio 2017) (citations omitted); *see Vinny's Landscaping, Inc. v. United Auto Credit Corp.*, No. 16-102765, 2016 WL 9223839, at *2 (E.D. Mich. Jan. 27, 2016) (denying a "placeholder" motion for class certification without prejudice because it was premature and no procedural rule of Sixth Circuit authority allowed for its filing); *Beaudry v. Telecheck Serv., Inc.*, No. 3:07-cv-0842, 2010 WL 2901781, at *4 (M.D. Tenn. Jul. 20, 2010) ("It does appear that, if [plaintiff] *voluntarily* settles her individual claims before filing a ripe motion for class certification, the class claims should be dismissed.") (emphasis in original).

Second, the policy implications as originally articulated in *Roper* and more recently reemphasized by the Sixth Circuit in *Wilson* and *Unan* are not implicated. Here, Defendants made their offer of Rule 68 judgment to settle plaintiff's claims *before* any motion for class certification was pending. In fact, Plaintiff expressed his intent to accept the offer of judgment in his motion for class certification. ECF No. 13 PageID.46. That offer was not made pursuant to any type of unusual, ad-hoc process, as was the case in *Wilson* and *Unan*, *see* 822 F.3d 934; 853 F.3d 279, and the plaintiff in this case voluntarily and almost immediately accepted the offer to settle his claims; it was not rejected as in *Carroll* and *Campbell-Ewald*. Additionally, in emails exchanged between the parties, one of the Defendants, Dalen Hanna, stated that "the instance which gave rise to the Plaintiff's claim was an honest mistake and an isolated incident; the only one of its kind." ECF No. 14-3 PageID.90. Defendant further reiterated that he had tried to contact counsel for Plaintiff numerous times, even before being served with the complaint, to settle Plaintiff's individual claims. *Id.* Plaintiff, however, "completely ignored [Defendants'] many attempts to discuss an amicable resolution" to this matter prior to the filing of a lawsuit. *Id.* This dynamic undercuts any potential concern that Defendants are attempting to gut a valid class action. To the contrary, they appear cognizant of wrongdoing on their part and have made diligent efforts to remunerate Plaintiff.

In summary, the Sixth Circuit's jurisprudence in this area does not permit a plaintiff who plainly plans to accept an offer of judgment as to his individual claims to preserve potential class claims merely by filing a bare-bones motion for class certification—particularly where there is no evidence suggesting that, in offering to settle plaintiff's individual claims, defendants' actual purpose was to defeat a legitimate class action. If Defendants' actions were truly extensive enough to harm a large number of victims, due diligence may in time reveal facts capable of supporting a class action. But this plaintiff's case is settled, and there is no remaining controversy to be heard. Dismissal is required.

## CONCLUSION

For these reasons, judgment shall be entered on Plaintiff's individual claims in accordance with Rule 68 of the Federal Rules of Civil Procedure. It is further **ORDERED** that Plaintiff's class action claims are **DISMISSED** without prejudice as moot. Accordingly, Plaintiff's motion for class certification (ECF No. 13), and motion for an extension of time to file his reply in support of the motion for class certification (ECF No. 18) are also **DENIED** as moot. Defendants' motion to dismiss

the complaint (ECF No. 22) will also be **DENIED** as moot.

**SO ORDERED.**

Dated: May 31, 2019                    s/Terrence G. Berg
                                       TERRENCE G. BERG
                                       UNITED STATES DISTRICT JUDGE