UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | | |
|---|---|---|---|
| THEODORE MCCLAIN, | ) | CASE: | 2:19-CV-10700 |
| | ) | JUDGE: | HON. TERRENCE G. BERG |
| Plaintiff, | ) | | |
| v. | ) | | |
| DALEN PATRICK HANNA | ) | | |
| HANNA LAW, PLLC and HANNA, LLP | ) | | |
| Defendant. | ) | | |

### DEFENDANTS' MOTION TO DETERMINE PLAINTIFF'S REASONABLE ATTORNEY FEES

NOW COMES Defendants Dalen Patrick Hanna, Hanna Law PLLC, and Hanna, LLP (collectively, "Defendants"), and for their above-captioned Motion, state as follows:

WHEREFORE, for the reasons set forth in Defendants' accompanying Brief in Support, filed contemporaneously herewith, Defendants pray that this Honorable Court find Plaintiff's reasonable attorney fees awardable in this case to be $750.00 or less, and/or award any other relief to Defendants that this Honorable Court may deem just and proper under the circumstances.

## BRIEF IN SUPPORT

**QUESTION PRESENTED** ........................................................................................................ 3

**CONTROLLING / MOST APPROPRIATE AUTHORITY** ................................................... 3

**FACTS** ........................................................................................................................................ 3

**ARGUMENT** .............................................................................................................................. 6

    **LEGAL FEES INCURRED IN CONNECTION WITH DISMISSED CLAIMS…** ............................................ 7

    **OVERALL UNREASONABLENESS AND EXCESSIVENESS OF PLAINTIFF COUNSEL'S FEES** ......... 8

    **MR. WARNER'S HOURLY RATE** ................................................................................... 9

    **REQUESTED REDUCTION BASED ON COUNSEL'S OVERALL CONDUCT** ........................................ 10

**CONCLUSION** ......................................................................................................................... 10

**CERTIFICATE OF SERVICE** ................................................................................................. 11

**QUESTION PRESENTED**

What amount should Plaintiff's Counsel be awarded as reasonable attorney fees, pursuant to the terms of the Offer of Judgment agreed upon between the parties, and/or 15 U.S.C. §1692k?

**CONTROLLING / MOST APPROPRIATE AUTHORITY**

15 U.S.C. §1692k; Fed. R. Civ. P. 68; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Lee v. Thomas & Thomas*, 109 F. 3d 302, 305 (6th Cir. 1997); *Mann v. Acclaim Financial Services, Inc.*, 348 F. Supp. 2d 923, 927 (S.D. Ohio 2004); *Reed v. Rhodes*, 179 F.3d 453m 471-472 (6th Cir. 1999); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-720 (5th Cir. 1974).

**FACTS**

In the instant action, Plaintiff Theodore McClain, through his counsel Mr. Curtis Warner and Mr. John Evanchek (collectively, "Plaintiffs Counsel"), brought a class action against Defendants for violation of the Fair Debt Collections Practices Act (FDCPA). Defendants are a lawyer and his law firm.

During and before March of 2018, Defendants began attempting to collect unpaid debts for a new client. In collecting on a debt against Plaintiff, Defendants made an error which Plaintiffs allege to be a violation of the FDCPA.

Plaintiff filed suit on or about March 9, 2019. Immediately upon discovering the filing, and prior to being served, Defendants attempted to reach either of Plaintiff's Counsel to offer settlement. Neither of Plaintiff's Counsel responded to numerous calls and attempts at communication; In fact, **they proved completely unwilling to discuss any amicable resolution.** Some time later, Defendants again e-mailed both of Plaintiff's Counsel, to which Mr. Evanchek replied that he was "a bit busy," and that Mr. Warner was "travelling and unable to respond." This

reply e-mail occurred on March 12, the very same day that Plaintiff's Counsel had filed their appearances...[1] (the "Initial E-mails," attached as **Exhibit A**).

Defendants responded to the above e-mail with a lengthy message primarily discussing Defendant Dalen Hanna's desire to reach resolution without protracted litigation. Plaintiff's Counsel responded with a simple two sentence reply starting with **"there is nothing to discuss…"** **(Exhibit A)**. Wishing to settle the case, yet finding it impossible to speak with Plaintiff's Counsel, Defendants resorted to a Rule 68 Offer of Judgment. Plaintiff timely accepted same.

Despite accepting the offer of Judgment on "All counts of Plaintiff's Complaint...", Plaintiff's Counsel thereafter attempted to certify the then-mooted matter as a class, and litigation ensued. Throughout such litigation, Defendants have alleged that Counsel's conduct has been quite similar to that surrounding the Initial E-mails – i.e., *wholly unreasonable and with the sole purpose of protracting litigation.*

At numerous points throughout litigation, and amongst the backdrop of Plaintiff's Counsel avoiding all good faith communication,[2] Defendants have been forced to defend against improper conduct and needless litigation. Amongst other acts, Plaintiff's Counsel have:

1. Alleged the parties to have engaged in a "conference" (to comply with local court rules) when in fact no such conference ever occurred; to the contrary, Plaintiff's Counsel refused to speak with Defendants.[3]

2. In the course of litigating class claims (dismissed by this Honorable Court), ***intentionally omitted authority stemming from cases in which Plaintiff's Counsel themselves had***

---

[1] See ECF No. 8.
[2] Plaintiff Counsel's primary communication with Defendants involves pro-forma e-mails designed to minimally comply with local court rules.
[3] See ECF No. 19 at 6-7, and ECF No. 20, at 1-3, containing the dispute regarding Mr. Warner's allegations that the parties engaged in a substantive "conference."

***personally appeared as counsel of record,* and which established adverse precedent directly related to the issues in the instant case.[4]**

3. Engaged in constant gamesmanship in their pursuit of class-certification despite accepting judgment on all counts. By way of example, Plaintiff's Counsel continually pivoted their reasoning for class certification, even towards improper grounds, such as:

   a. Achieving Plaintiff's "**Personal Objectives** to alert authorities...";[5]

   b. Alleging Plaintiff's standing based on threads as thin as a need to recover Plaintiff's "Tax Liability" on Attorney Fees;[6] and

   c. Bad faith attempts at creating new law for class actions.

4. Generally and continually refused to discuss amicable settlement with Defendants, even in the face of Defendants' numerous attempts to offer full settlement.

Plaintiff's Counsel failed to certify a class. Accordingly, Plaintiff's class claims were dismissed by this Honorable Court. Immediately thereafter, Defendants reached out to Plaintiff's Counsel by e-mail (**Exhibit B**), requesting invoices such that the parties could reach agreement on the amount of attorney fees. Mr. Warner refused, stating that because the accepted offer of judgment required the court to decide on attorney fees, he had "no interest" in departing from that. **Mr. Warner refused to acknowledge that the parties might, in the interest of this Court's resources, submit a stipulated motion for attorney fees.**

Eventually, and after much persistence, Defendants received the requested invoices. (**Exhibit C).** Plaintiff's Counsel are attempting to bill Defendants for amounts to which they are

---

[4] Defendants' discovery of such conduct forced their filing of a Supplement to their Response to Plaintiff's Motion for Class Certification. *See* ECF No. 21, at 2-4.
[5] *See* ECF No. 20, at 6.
[6] *See* ECF No. 14, at 17-20.

not entitled under the terms of the offer of judgment, nor under the FDCPA, and which are unreasonable and excessive. Therefore, finding amicable resolution with Plaintiff's Counsel impossible, Defendants resort to the instant Motion.

**ARGUMENT**

15 U.S.C. §1692k(a)(3) provides that a successful plaintiff in a FDCPA case may recover "reasonable attorney fees as determined by the court." Additionally, the parties hereto have agreed to an award of reasonable attorney fees as per an offer of judgment.

According to the Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[7] However, that is only the beginning of the inquiry.

In the 6th Circuit case of *Lee v. Thomas & Thomas*, the Court provided its method of reasoning to the case before it, and also provided instruction which is highly relevant here:

> "The [FDCPA] authorizes nothing more than a fee determined by the court to be "reasonable," of course. <u>If on March 3, 1994, the defendants were offering to confess judgment for everything to which Ms. Lee could reasonably be considered entitled, including an attorney fee that appeared reasonable in light of the circumstances existing at the time, the magistrate judge evidently thought that it would be unreasonable for the lawyer to keep his meter running. We think so too</u>. And if it was unreasonable for Mr. Fregeau to continue performing legal services after March 3, any fee for services rendered after March 3 would clearly be unreasonable."[8]

> "The magistrate judge was saying, in other words, that insofar as legal work for which a fee is being sought represents "economic waste," the fee request is unreasonable. In this, we believe, the magistrate judge was clearly correct."[9]

> **"[A]ble counsel should aspire to achieve their clients' objectives economically… and counsel should not expect to reap financial rewards for prolonging litigation unnecessarily. 'A reasonable fee,' as we have observed elsewhere, "is one that is**

---

[7] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). (emphasis added).
[8] *Lee v. Thomas & Thomas*, 109 F. 3d 302, 305 (6th Cir. 1997).
[9] *Id.*

**adequate to attract competent counsel, but [does] not produce windfalls to attorneys."**[10]

The fees charged by Plaintiff's Counsel are illegal and unreasonable. Defendants dispute Plaintiff Counsel's fees on four bases: (1) Plaintiff's Counsel wish to have Defendants pay their legal fees incurred in connection with the class action element of their case. **The law simply does not support this, as such claims were dismissed,** (2) given the circumstances, Plaintiff's Counsel collectively spent more time on this case than any reasonable attorney would spend, unless desirous of protracting litigation, (3) Mr. Warner's hourly rate of $400 is unreasonable given the inefficiency with which he pursues cases, and his unreasonable conduct in the instant case, and (4) Plaintiff's Counsel's reasonable fee should be reduced generally, for bad faith conduct.

**LEGAL FEES INCURRED IN CONNECTION WITH DISMISSED CLAIMS…**

Plaintiff Counsel's pursuit of legal fees in connection with the class action element of their complaint is evidently unreasonable. All of their counts were dismissed, the claims rendered moot, and therefore they are not entitled to such fees under the FDCPA or any offer of judgment. The FDCPA does not provide attorney fees to unsuccessful plaintiffs (here, a putative class).

Courts have recognized that they may reduce awards of attorney fees to reflect limited success in cases.[11] Not only should limited success be reflected in the award of attorney fees, but in the interest of justice, attorneys ought not recover statutory fees for claims on which they are completely unsuccessful. Mr. Warner's invoice is titled "Time on Indv Case Only." **(Exhibit C)**, However, a look at Mr. Warner's invoices, considering the circumstances of the litigation between the parties, reveals only one reasonable conclusion: The vast majority of Mr. Warner's time was

---

[10] *Id.* at 307. (emphasis added).
[11] *See, e.g., Mann v. Acclaim Financial Services, Inc.*, 348 F. Supp. 2d 923, 927 (S.D. Ohio 2004).

spent on his failed and unreasonable (meritless) attempt to certify a class. This is true because Defendants have, from the very outset of the case, attempted to settle all individual claims.

Mr. Warner's invoices must be audited to separate the individual claims from the dismissed claims, as Mr. Warner cannot be allowed to recover fees for such time wasted.

**OVERALL UNREASONABLENESS AND EXCESSIVENESS OF PLAINTIFF COUNSEL'S FEES**

Defendants earnestly allege that Plaintiff Counsel's claims of time spent on matters are both unreasonable and intentionally inflated. As the Court recognized in *Lee v. Thomas*, "[A]ble counsel should aspire to achieve their clients' objectives economically…"[12] Plaintiff's Counsel's billings evidence the opposite. **Numerous hours were spent by <u>two lawyers</u>, simply to determine that the FDCPA was violated, surrounding collection of a <u>$68 debt…</u>**

By way of further example, Mr. Warner bills for 4.4 hours allegedly spent drafting the Complaint in the instant case (much of which, of course, includes class claims, which were dismissed…). In considering whether 4.4 hours is reasonable in this sense, Defendants ask this Honorable Court to consider the fact that the instant case is Plaintiff Counsel's *specialty*. In other words, Mr. Warner uses and re-uses standard form complaints in each successive suit which he brings. This is just one example.

Courts recognize that such factors are important in the determination of attorney fees. Courts recognize the lodestar method as appropriate in the computation of fees, but important to lodestar computation are the adjustments thereto. The 6th Circuit recognizes what are referred to as the *Johnson* factors in adjusting the lodestar rate. Those factors recognize the principle

---

[12] 109 F. 3d 302, 307.

articulated therein: that "**courts must remember that they do not have a mandate… to make prevailing counsel rich**." [13] Among the *Johnson* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) The skill requisite to perform the legal service properly… (8) the amount involved and the results obtained…[14]

**Hardly any time and labor were required to achieve judgment for Plaintiff Theodore McClain individually.** Plaintiff drafted and filed a simple FDCPA complaint (putting the dismissed class claims aside), **ignored all attempts at settlement**, **and then accepted an offer of judgment a week later…** Therein, Defendants offered Plaintiff everything he could possibly achieve and more, ***on all counts of Plaintiff's Complaint***. For Plaintiff's Counsel to reap over five thousand dollars from protracted litigation thereafter is highly unreasonable. The case should have ended right there, aside from nominal procedural filings.

Therefore, this Honorable Court should take into account the *Johnson* factors in computing reasonable attorney fees. The amount of fees should not be more than Mr. Warner alone spent initiating the case, and taking other acts as might have been reasonably necessary to effectuate the offer of judgment. Such amount would be *significantly* less than what Plaintiff's Counsel seeks.

**MR. WARNER'S HOURLY RATE**

In the interest of this Court's time, Defendants state their argument here as concisely as possible: $400/hour is an unreasonable fee for an attorney who **refuses to answer phone calls or speak with the very people he sues (including counsel therefor), refuses to discuss settlement, endlessly pivots the basis for litigation, and knowingly conceals adverse authority.**

---

[13] *See Reed v. Rhodes*, 179 F.3d 453m 471-472 (6th Cir. 1999), citing *Johnson*, 488 F.2d at 719. (emphasis added).
[14] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-720 (5th Cir. 1974).

Defendants argue that a reasonable fee for Plaintiff's Counsel is, *at the very most*, $250 an hour. Defendants pray that this Honorable Court reduce his fee accordingly.

**REQUESTED REDUCTION BASED ON COUNSEL'S OVERALL CONDUCT**

> "Waste is not in the public interest. The Congress that passed the Fair Debt Collection Practices Act in 1977 could hardly have wished to reward lawyers for doing nonproductive work and wasting their adversaries' time and the time of the courts as well. In directing the courts to award 'reasonable' fees, on the contrary, Congress undoubtedly wished to ensure that the lawyer representing a successful plaintiff would receive a reasonable fee for work reasonably found necessary — nothing less, and nothing more."[15]

All other considerations aside, Plaintiff's Counsel, and specifically Mr. Curtis Warner, have engaged in wasteful conduct. In the interest of time, Defendants refrain from re-hashing facts. In summary, Defendants earnestly believe that the documents filed with this Court throughout the course of litigation, inclusive of exhibits, and the allegations put forth by Defendants through their various filings, establish Mr. Warner's wasteful conduct.

Should this Honorable Court agree that Plaintiff's Counsel have engaged in such waste, their fee should be reduced accordingly.

## **CONCLUSION**

Therefore, for the reasons set forth above, Defendants request that this Honorable Court find Plaintiff's reasonable attorney fees awardable in this case to be $750 or less, and/or award any other relief to Defendants that this Honorable Court may deem just and proper under the circumstances.

---

[15] *Lee v. Thomas & Thomas*, 109 F. 3d 302, 305 (6th Cir. 1997).

               **Hanna Law, PLLC**

               <u>/s/ Dalen P. Hanna</u>
               By: Dalen P. Hanna (P81533)
               33717 Woodward Avenue,
               Suite 560
               Birmingham, Michigan 48009
               dh@hannallp.com
               (248) 209-6486 Office
               (202) 478-5005 Fax

<u>**Certificate of Service**</u>

   The undersigned hereby certifies that, on June 14, 2019, a copy of the foregoing Motion was served upon Plaintiff's Counsel by e-mail.

<u>/s/ Dalen P. Hanna</u>
By: Dalen P. Hanna, Esq.

                     **Dated: June 14, 2019.**