UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE MCCLAIN,

    Plaintiff,

v

DALEN PATRICK HANNA, *et al.*,

    Defendants.

_____/

Civil Action No.: 19-10700
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION ABOUT DEFENDANTS'
MOTION TO DETERMINE ATTORNEY'S FEES [ECF NO. 30]**

**I.    INTRODUCTION AND BACKGROUND**

In March 2018, Defendant Dalen P. Hanna mailed Plaintiff Theodore McClain a letter stating that Hanna's law firm had been retained to collect a debt of $93.22. [ECF No. 1, PageID.6]. Hanna threatened that if McClain did not cooperate completely with paying the debt, "our next course of action will include the filing of a costly and damaging lawsuit" that would require McClain to pay all costs and attorney's fees. [*Id.*]. McClain alleges that he responded by requesting proof of the debt, but Hanna never provided it. [*Id.*, PageID.6-7]. McClain sought the information from the creditor, and thus learned that the debt was really for $63.22 and more than six years old. [*Id.*, PageID.7].

In May 2018, Hanna wrote a second letter stating that McClain had not made the payment demanded and that Hanna and his firm would not send any more communications to collect the debt.  [*Id.*, PageID.8].  He wrote, "We are simply going to file a lawsuit against you.  **IT IS RECOMMENDED THAT YOU HIRE A LAWYER**."  [*Id.* (emphasis in original)].  And Hanna reiterated that he would seek an order for McClain to pay attorney's fees and costs.  [*Id.*].

McClain did as Hanna recommended; he hired lawyers.  McClain's lawyers did what Hanna threatened; they filed a lawsuit.  [ECF No. 1].  The complaint alleges that Hanna and his firms (Hanna Law, PLLC and Hanna, LLP) violated the Fair Debt Collection Practices Act (FDCPA) and the Michigan Regulation of Collection Practices Act (MRCPA).  [*Id.*].  The specific alleged violations were that defendants threatened to sue on a time-barred debt; threatened to sue within 48 hours if the debt was not paid; misrepresented the amount of the debt; overshadowed the time in which the debtor could dispute the debt; failed to stop collections after a request for verification of the debt; used language on the envelope mailed to McClain that implied that the original creditor was already suing McClain; falsely stated that the next course of action would be a costly and damaging lawsuit; and falsely stated that McClain would have to pay

attorney's fees. [*Id*.]. McClain filed the complaint on behalf of himself and a putative class. [*Id*.].

After learning about the lawsuit, Hanna sent emails to McClain's attorneys in an attempt at quick resolution. [ECF No. 30-1]. Hanna alleged that he was young and relatively experienced, but that he had done "everything within reason to accord [himself] with the FDCPA." [*Id*., PageID.360]. He said that, despite his efforts to respect everyone, "**mistakes do happen**" and he appreciated the seriousness of the allegations. [*Id*., (emphasis in original)]. Hanna urged McClain's attorneys to consider an amicable resolution; "[a]fter all, this was a $63 medical bill – an inconsequential amount to my client and yours!" [*Id*.].

When McClain's attorneys were not receptive to Hanna's overtures, Hanna made offer of judgment under Federal Rule of Civil Procedure 68 for $2,101.00 in actual and statutory damages, plus McClain's costs and reasonable attorneys' fees as determined by the court. [ECF No. 14-2]. McClain accepted the offer of judgment for himself but requested that the case continue for the putative class. [ECF No. 14]. But the Honorable Terrence G. Berg decided that McClain's could not accept the offer of judgment and preserve potential class claims, and thus dismissed the case. [ECF No. 26, PageID.325].

Hanna then moved for the Court to award no more than $750.00 in attorneys' fees. [ECF No. 30]. McClain responded by requesting an award of $1,016.00 for attorney John Evanchek, an award of $11,720.00 for attorney Curtis Warner, and $432.40 in costs. [ECF No. 31]. Neither Hanna's motion nor his reply disputes the amount of costs requested by McClain's counsel. [ECF Nos. 30, 34].

Judge Berg referred the motion to the undersigned under 28 U.S.C. § 636(b).[1] [ECF No. 36]. For the reasons stated below, the Court recommends that McClain's counsels' request for attorneys' fees and cost be approved.

## II. ANALYSIS

### A.

The FDCPA authorizes the court to award reasonable attorney's fees and costs to a prevailing party. *See* 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 306-7 (6th Cir. 1997). McClain's acceptance of the offer of judgment under Rule 68 makes him the prevailing party entitled to attorneys' fees. *McGraw-Hill Glob. Educ., LLC.*

---

[1] Judge Berg referred the motion under § 636(b)(1)(A) for hearing and determination, but this Court must prepare a report and recommendation under § 636(b)(3) for this post-judgment motion. *Fharmacy Records v. Nassar,* 465 F. App'x 448, 455 (6th Cir. 2012); *Callier v. Gray*, 167 F.3d 977, 983 (6th Cir. 1999).

4

*v. Jones*, 714 F. App'x 500 (6th Cir. 2017).  And in the offer of judgment, Hanna agreed that McClain would receive reasonable attorneys' fees as determined by the Court.  [ECF No. 14-2, PageID.88].

Under the lodestar method, courts calculate reasonable attorney's fee awards by "multiplying the proven number of hours worked by a court-ascertained reasonable hourly rate."  *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Hanna argues that the *Johnson* factors should limit the attorneys' fees here.  *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2]  But the *Johnson* "factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."  *Hensley*, 461 U.S. at 434, n. 9.  And more recently, the Supreme Court discouraged use of the *Johnson* factors except in rare or

---

[2] Those factors are: "(1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Johnson*, 488 F.2d at 717-19.

5

exceptional circumstances, deeming the lodestar method more objective and reiterating that "the lodestar figure includes most, if not all, of the relevant factors constituting a reasonable attorney's fee." *Perdue v. Kenny A. ex. rel. Winn*, 559 U.S. 542, 553 (2010) (citation and internal quotation marks omitted). There is a "strong presumption" that the lodestar figure is reasonable, and there are few circumstances in which it should be considered inadequate. *Id.* at 554.

**B.**

The Court's analysis will begin by addressing the reasonableness of McClain's attorneys' hourly rates. Evanchek argues that an hourly rate of $322.00 per hour is reasonable for him, and Warner requests approval of $400.00 per hour. [ECF No. 31, PageID.393-98].

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). A reasonable hourly rate is the prevailing market rate in the relevant community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Fuhr v. School Dist. of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004). The accepted benchmark for determining reasonable hourly rates in this district is the State Bar of Michigan's most recent Economics of Law Practice Survey (Survey).

6

*Hazzard v. Schlee & Stillman, LLC*, 2014 WL 117411, at *3 (E.D. Mich. Jan. 13, 2014), *adopted*, 2014 WL 634205 (E.D. Mich. Feb. 18, 2014). An attorney's prior fee awards provides some inferential evidence of the market rate, but is not dispositive. *Maddox v. Lodestar Energy, Inc.*, 762 F. App'x 269, 272 (6th Cir. 2019).

 As set forth in the most recent Survey, the mean billing rate for consumer lawyers in Wayne County is $350.00 per hour and the 75th percentile rate is $400.00 per hour.[3] Mr. Evanchek's affidavit describes his practice since 2004 and his ample experience in consumer law, supporting his request for an hourly rate below the mean billing rate for attorneys in that field. [ECF No. 31-2, PageID.408-10]. Mr. Warner's affidavit details his practice since 2002 and his extensive experience in consumer law, supporting his request for a rate at the 75th percentile. [ECF No. 31-3, PageID.415-24]. In May 2019, United States District Judge Gershwin A. Drain approved hourly rates for Evanchek and Warner equal to what they request here. [*See* 18-cv-10218, ECF No. 33, PageID.285]. The Court finds that an hourly rate of

---

[3] State Bar of Michigan, Economics of Law Practice Survey (2017), https://www.michbar.org/file/pmrc/articles/0000154.pdf, page 30, (last viewed August 21, 2019).

$322.00 for Mr. Evanchek and an hourly rate of $400.00 for Mr. Warner are reasonable.

### C.

The next question is whether the number of hours Evanchek and Warner claimed they expended are reasonable. A court must review a prevailing party's claims about the hours it expended on the relevant matter, and "state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why. Failure to provide such an explanation requires us to remand the case for further consideration." *Sierra Club v. Hamilton Cty. Bd. of Cty. Comm'rs*, 504 F.3d 634, 645 (6th Cir. 2007) (citation and internal quotation marks omitted). Courts review billing claims for "[e]xcessive, redundant, or otherwise unnecessary hours, or hours spent on unsuccessful claims," which are usually excluded from fee awards. *Butcher v. Bryson*, No. 3:12-00251, 2014 WL 4385876, at *3 (M.D. Tenn. Sept. 5, 2014) (citing *Hensley*, 461 U.S. at 437). "If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. Even if the "claims were interrelated, nonfrivolous, [or] raised in good faith . . . the most critical factor is the degree of success obtained." *Id.* at 436.

Hanna argues that the Court should limit attorneys' fees here because McClain's attorneys rebuffed his efforts at early settlement after they filed the complaint. [ECF No. 30]. But Evanchek's request for reimbursement for 3.2 hours of work is entirely for a period before the complaint was filed. [ECF No. 31-2, PageID.412-13]. Warner's request includes 8.7 hours for a period before filing suit. [ECF No. 31-3, PageID.426]. He deducted a half-hour of time working on the "complaint for class allegations." [*Id.*].

Another 18.6 hours is requested for Warner's work on the attorneys' fee issue. [*Id.*, PageID.472]. Those hours are properly included in the request for attorney's fees. *McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 488, 494 (6th Cir. 2014) (allowing "reasonable attorney's fees and costs associated with the preparation and presentation of the fee application"); *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 910 (6th Cir. 1991) (cost of preparing fee application included in attorney's fee award). And the Court does not find the number of hours Warner spent addressing the attorneys' fee issue to be excessive. Hanna's motion made numerous allegations that McClain's attorneys acted in bad faith and engaged in misconduct, and that their conduct unreasonably protracted the litigation. [ECF No. 30]. Hanna argued that the award of attorneys' fees should thus be reduced.

[*Id.*]  Much of McClain's lengthy response was aimed at rebutting Hanna's allegations and arguments.  [ECF No. 31].  The 18.6 hours requested is not unreasonable for the work required of Warner to rebut Hanna's arguments about his and Evanchek's conduct and Hanna's request that McClain's attorneys be awarded only $750.00 in attorneys' fees.

Hanna's argument relies in large part on Warner's efforts to avoid dismissal of the class claims.  [*See* ECF No. 30, PageID.350-51, 353-54].  But Warner's request does not include the hours he spent unsuccessfully attempting to preserve those claims.  [ECF No. 31-3, PageID.426-27].  His request does include two hours for his successful efforts to have the judgment amended.  [*Id.*].  Those two hours are not excessive.

Hanna emphasizes that "**Numerous hours were spent by two lawyers, simply to determine that the FDCPA was violated . . . .**"  [ECF No. 30, PageID.354 (emphasis in original)].  But none of Evanchek's or Warner's hours or work overlapped.  [*See* ECF Nos. 31-2, 31-3].  Their claimed hours are not redundant.

The Court finds that the hours claimed by Evanchek and Warner are not excessive, redundant or unnecessary hours, and that their requests do not relate to their unsuccessful class claims.

**D.**

Hanna accuses McClain's counsel of being "**completely unwilling to discuss any amicable resolution**" of the case, and of engaging in "nothing short of vindictive and intentional harassment" given that his "FDCPA violation was an honest technical mistake." [ECF No. 30, PageID.349 (emphasis in original); ECF No. 31-11, PageID.453]. The Court cannot credit Hanna's umbrage.

For a $63 medical bill that Hanna described as "inconsequential," [ECF No. 30-1, PageID.360], he warned McClain of an imminent "costly and damaging lawsuit." [ECF No. 1, PageID.6-8]. He wrote, "**IT IS RECOMMENDED THAT YOU HIRE A LAWYER.**" [*Id.* (emphasis in original)]. Hanna warned that McClain would be forced to pay attorney's fees and costs. [*Id.*]. McClain followed Hanna's recommendation and hired lawyers.

Hanna argues that his violations of the FDCPA were merely "technical" and that the issues raised by McClain's complaint were inconsequential. But McClain alleges that defendants threatened to sue him within 48 hours on a time-barred debt, misrepresented the amount of the debt, threatened that the lawsuit would be costly and damaging, failed

to provide verification of the debt, and mailed an envelope that made it appear that McClain was already being sued by the original creditor. [ECF No. 1]. Congress intended for the FDCPA to eliminate unfair debt-collection practices," including false representations, threats of legal action that cannot be taken, and language on the mailing envelope suggesting that the mailing relates to debt collection. *Whittiker v. Deutsche Bank Nat. Tr. Co.*, 605 F. Supp. 2d 914, 937 (N.D. Ohio 2009); 15 U.S.C. §§ 1692e, 1692f. McClain's complaint alleges actions that were plainly forbidden by the FDCPA. The alleged violations were neither "technical" nor inconsequential.

As a lawyer seeking to collect a debt, it was incumbent on Hanna to be aware of the requirements of the FDCPA and the attorney's fee provision under § 1692k(a)(3). It should have been obvious that McClain's attorney's fees for violations under the FDCPA might well exceed $750.00. Hanna should have known that a lawsuit could be costly and damaging *to him*.

Hanna emphasizes that the debt McClain allegedly owed was small, but the amount of McClain's debt and the limited damages he was awarded are meaningless for determining the reasonable attorneys' fees. Attorney's fees statutes like § 1692k(a)(3) are intended to enable private citizens to

enforce important Congressional policies "even where the amount of damages at stake would not otherwise make it feasible for them to do so." *City of Riverside v. Rivera*, 477 U.S. 561, 577 (1986). "A rule that limits attorney's fees in [consumer] rights cases to a proportion of the damages awarded would seriously undermine Congress' purpose in enacting" § 1692k(a)(3). *Id.* at 576. Thus, "courts routinely award reasonable attorneys' fees to a prevailing party in FDCPA cases that greatly exceed damage awards." *Ramsey v. Int'l Computer Sys., Inc.*, No. 1:16-CV-745, 2017 WL 25502, at *2 (S.D. Ohio Jan. 3, 2017).

Hanna's complaint that McClain's counsel refused an amicable resolution also lacks merit. McClain filed the complaint on March 8, 2019 and accepted the offer of judgment on March 19, 2019. [ECF Nos. 1, 14]. The eleven-day period between the filing of the complaint and the acceptance of the offer of judgment cannot be described as protracted litigation.

McClain's attorneys did resist dismissal of the class claims but, as stated, they are not requesting an award for the time they spent on those efforts. The Court also notes that Judge Berg's 25-page opinion finding that the class claims could not go forward did not treat the issue as frivolous or suggest that McClain's counsel's actions were merely

13

harassing. [ECF No. 26]. To the contrary, Judge Berg noted that the issue had not been definitively addressed by the Supreme Court or the Sixth Circuit. [*Id.*, PageID.320].

At bottom, Hanna does not overcome the "strong presumption" that the lodestar figure is reasonable. *Perdue,* 559 U.S. at 554.

### III. CONCLUSION

Under the lodestar method, Evanchek's request for attorney's fees of $1,016.00, and Warner's request for attorney's fees of $11,720.00, should be found reasonable, and Warner should be awarded costs of $423.40.

                                                s/Elizabeth A. Stafford
                                                ELIZABETH A. STAFFORD
                                                United States Magistrate Judge

Dated: August 23, 2019

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 23, 2019.

                                                s/Marlena Williams
                                                MARLENA WILLIAMS
                                                Case Manager