UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **THEODORE MCCLAIN**, <br><br> Plaintiff, <br><br> v. <br><br> **DALEN PATRICK HANNA, HANNA LAW PLLC, HANNA LLP**, <br><br> Defendants. | 2:19-cv-10700 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTIONS TO REPORT AND RECOMMENDATION** |

Plaintiff Theodore McClain filed this lawsuit alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Michigan Regulation of Collection Practices Act, Mich. Comp. Laws § 445.252(e) *et seq.*, by Defendants Dalen Patrick Hanna, an attorney, and his law firm, identified as Hanna PLLC, and Hanna LLP. Specifically, McClain alleged that Defendants sent him letters and telephoned him in order to collect a time-barred debt. This Court ultimately entered judgment on McClain's individual claims consistent with Rule 68 of the Federal Rules of Civil Procedure and dismissed the class action claims without prejudice, on mootness grounds. *See* ECF No. 26 (Court's May 31, 2019 Order). McClain appealed that decision to the Sixth Circuit. Because McClain is entitled to reasonable attorney's fees and costs as the prevailing plaintiff in a FDCPA action, Defendants

preemptively filed a motion asking the Court to limit McClain's reasonable attorney's fees to $750.00. The amount of $432.40 in costs McClain seeks is not in dispute. ECF No. 30. The case is now before the Court on Magistrate Judge Stafford's Report and Recommendation, ECF No. 38, recommending that McClain's request for attorney's fees in the amount of $1,016.00 for attorney John Evanchek and $11,720.00 for attorney Curtis Warner, in addition to $423.40 in costs, be deemed reasonable. Defendants also file objections to that Report and Recommendation. ECF No. 40. For reasons discussed herein, the Court will sustain Plaintiff's first objection to the Report and Recommendation, which questions whether the hours counsel spent preparing McClain's response to the motion to determine attorney's fees was in fact reasonable. The remaining objections will be overruled. Plaintiff's request for an additional $2,680 in fees incurred in responding to Defendants' objections to the Report and Recommendation will be denied.

**BACKGROUND**

On March 15, 2019, Defendants sent McClain a tender of Rule 68 judgment "offer[ing] to allow Judgment to be entered against them and in favor of Plaintiff . . . as to all counts of Plaintiff's complaint," including actual damages and statutory damages, as well as "Plaintiff's costs accrued to-date" and "Plaintiff's reasonable attorney fees as determined by the Court." ECF No. 14-2. Four days later, on March 19, 2019, McClain filed a motion seeking to certify a class of plaintiffs who had received

2

letters from Defendants from March 8, 2018 through and including March 9, 2019.[1] *See* ECF No. 13, PageID.48–49. That same day, McClain also filed a notice communicating his acceptance of Defendants' offer of individual judgment. ECF No. 14. Consistent with this accepted offer of judgment, this Court entered judgment on McClain's individual claims and dismissed his putative class claim without prejudice on mootness grounds. *See* ECF Nos. 26, 29. The Amended Judgment expressly provides that individual judgment is entered in McClain's favor against Defendants for actual damages in the total amount of $600; statutory damages in the amount of $1,501.00; Plaintiff's costs accrued to-date; and "Plaintiff's reasonable attorney's fees, to be determined by the Court upon review of briefing from counsel outlining the legal and factual basis for the requested amount of fees or, in the alternative a joint stipulation by the parties as to the amount of attorney's fees." ECF No. 29.

Although the parties engaged in some negotiation about what amount of attorney's fees would be reasonable, they were unable to reach an agreement. Consequently, Defendants filed a motion asking that the Court award no more than $750.00 in attorney's fees. ECF No. 30.

---

[1] More specifically, the proposed class included individuals who received letters from Defendants during this period that: (1) included an amount of interest or attorney's fees or collection fees not provided for in the underlying contract; (2) concerned debts that had accrued more than six years before Defendants sent the letter; or (3) who requested verification from Defendants, disputed the debt, or made a payment on the debt and were not sued by Defendants within 60 days of the date the letter was sent. ECF No. 13, PageID.48–49.

McClain, however, seeks a total attorney's fee award of $12,736.00, in addition to $423.40 in costs. These requested fees are comprised of 3.2 hours of work by John Evanchek at an hourly billable rate of $322.00, and 29.3 hours of work by Curtis Warner at an hourly billable rate of $400. ECF No. 31, PageID.372 (Pl.'s Resp.). Although Plaintiff's counsel avers that these fees are reasonable and were accrued only through litigating McClain's individual claims and responding to the motion to determine attorney's fees, ECF No. 31, PageID.388, Defendants assert that the fees are "illegal and unreasonable." ECF No. 30, PageID.353.

Defendants' motion to limit the award of reasonable attorney's fees, ECF No. 30, was referred to Magistrate Judge Elizabeth A. Stafford. She ultimately issued a Report and Recommendation, ECF No. 38, concluding that both Evanchek and Warner's requests for attorney's fees in the respective amounts of $1,016.00 and $11,720.00 are reasonable, and that Warner should also be awarded costs in the amount of $423.40. Defendants filed timely objections to that Report and Recommendation, ECF No. 40, which Plaintiff's counsel responded to, ECF No. 41.

## DISCUSSION

The law provides that either party may serve and file written objections to a magistrate judge's report and recommendation "[w]ithin fourteen days after being served with a copy." 28 U.S.C. § 636(b)(1). In addition to being timely, in order to be considered by the district court, objections to a report and recommendation must be specific. *Thrower v.*

4

*Montgomery*, 50 F. App'x 262, 263 (6th Cir. 2002). "[A]n objection to the report in general is not sufficient and results in waiver of further review." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). In fact, "[a] general objection is considered the equivalent of failing to object entirely." *McCready v. Kamminga*, 113 F. App'x 47, 49, 2004 WL 1832903 (6th Cir. 2004). Additionally, objections to a report and recommendation should not be used as a vehicle to rehash arguments previously made by the objecting party. *See Ervin v. Comm'r of Social Sec.*, No. 11–13776, 2012 WL 4427987, at *1 (E.D. Mich. Sep. 25, 2012). A district court "is not obligated to address objections which are merely recitations of the identical arguments made before the magistrate judge . . . [where] the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations." *Walton v. Unum Life. Ins. Co. of Am.*, No. 16012518, 2017 WL 4161109, *1 (E.D. Mich. Sep. 20, 2017) (internal punctuation omitted) (emphasis in original) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (stating that recitations of previously made, identical arguments constitute insufficient objections)). After reviewing the report and recommendation, any objections, and relevant briefing by the parties, the district court must make a "*de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(c). The court is not obligated to independently review portions

of the record which neither party has timely or specifically objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

The FDCPA mandates the award of reasonable attorney's fees and costs to a prevailing consumer.[2] *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 446 (6th Cir. 2009) (citing 15 U.S.C. § 1692k(a)(3)). The Sixth Circuit has described a reasonable attorney's fee as "one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). Determining a reasonable fee involves first "calculating the product of 'a reasonable hourly rate' and 'the numbers of hours reasonably expended on the litigation.'" *Dowling*, 320 F. App'x at 446 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This product is known as the "lodestar." *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 642 (6th Cir. 2009). The Supreme Court has recognized a "strong presumption" that the lodestar amount is a "reasonable" attorney's fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

Consistent with governing law, this Court has reviewed the parties' briefing on Defendants' motion to limit McClain's award of reasonable

---

[2] The Sixth Circuit has stated that a plaintiff who accepts a Rule 68 offer of judgment may be considered a prevailing party for purposes of the FDCPA and is therefore entitled to an award of reasonable attorney's fees. *See McGraw-Hill Global Educ., LLC v. Jones*, 714 F. App'x 500, 504 (6th Cir. 2017).

attorney's fees and costs, ECF No. 30, as well as Magistrate Judge Stafford's Report and Recommendation, ECF No. 38, Defendants' objections thereto, ECF No. 40, and McClain's response, ECF No. 41. It will now address each of McClain's objections in turn.

### A. Objection 1: the $7,440.00 in attorney's fees incurred in responding to Defendants' motion to determine attorney's fees is excessive

Defendants first take issue with Magistrate Judge Stafford's finding that the 18.6 hours and $7,440.00 in attorney's fees Plaintiff's counsel claims to have incurred in responding to Defendant's motion to determine attorney's fees is unreasonable because it accounts for more than half the total attorney's fee award sought by McClain. *See* ECF No. 40, PageID.676–78. The Court agrees.

Attorney Curtis Warner contends he spent 18.6 hours formulating, researching, drafting, editing, and formatting McClain's response to Defendants' motion to determine attorney's fees. *See* ECF No. 31-3, PageID.426–27 (Curtis Warner Decl. and Time Sheet). As pointed out by Defendants, this is almost twice as much time as Warner says he spent developing this case in the first instance, drafting and revising the complaint, corresponding with opposing counsel, and drafting a proposed amended judgment. *See* ECF No. 31-3, PageID.426–27. The Court finds that it was not reasonable for Warner to spend more than 13 attorney hours preparing his response to the motion for attorney's fees.

7

Accordingly, the Court will reduce the total number of attorney hours Warner requests that he be compensated for (29.3 hours) by the difference between the 18.6 hours Warner states he spent working on the attorney's fee response and the 13 hours this Court considers reasonable, which is 5.6 hours. The Court therefore finds Warner should be compensated for 23.7 hours of attorney time. According to the lodestar method, multiplying 23.7 hours by Warner's hourly rate of $400—which this Court finds reasonable—Warner will be awarded $9,480.00 in attorney's fees.

### B. Objection 2: Plaintiff's counsel has not properly audited billings to separate work billed on class versus individual claims.

Plaintiff's second objection to the Report and Recommendation is that the Magistrate Judge failed to make proper inquiry into Warner and Evanchek's billing records to determine whether they are improperly seeking attorney's fees for time spent working on the class-action components of this litigation, which were unsuccessful. ECF No. 40, PageID.678–79. It is apparent from the Report and Recommendation, however, that Magistrate Judge Stafford examined both counsel's time sheets in detail and concluded that the hours claimed by Evanchek and Warner "do not relate to their unsuccessful class claims." *See* ECF No. 38, PageID.665–66 (Report and Recommendation) (providing pin-cites to the billing time sheets of both Plaintiff's counsel). This Court has

independently reviewed the time sheets and related briefing and agrees with the Magistrate Judge that Plaintiff's counsel do not appear to be seeking compensation for any time spent litigating their unsuccessful class-action claims. Defendants' second objection is therefore overruled.

### C. Objection 3: Failure to apply the *Johnson* factors

Next, Defendants object that Magistrate Judge Stafford should have applied the twelve so-called *Johnson* factors to adjust downward the amount of attorney's fees awarded. The Court disagrees, finding that the lodestar method in this case identified a generally reasonable attorney's fee award, which this Court will slightly reduce based on what it considers an unreasonable amount of time spent on Plaintiff's response to Defendants' motion to determine attorney's fees. *See supra* pp. 7–8. The *Johnson* factors are generally incorporated into the lodestar method and the Magistrate Judge was not required to specifically apply them to the facts of this case. Defendants' third objection is therefore overruled.

The Supreme Court has repeatedly stated that "[t]he primary concern in an attorney fee case is that the fee award be reasonable." *Blum v. Stenson*, 465 U.S. 886, 893 (1984). Courts have also held that once the lodestar figure is calculated, an upward or downward adjustment may be warranted based on twelve factors first identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[3] *See Hensley*

---

[3] The *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly;

9

*v. Eckerhart*, 461 U.S. 424, 434 n.9 (1984) (applying the *Johnson* factors). "The Supreme Court, however, has limited the application of the *Johnson* factors, noting that 'many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Geier*, 372 F.3d at 792 (quoting *Hensley*, 461 U.S. at 434 n.9). The *Johnson* factors are therefore just factors "that trial courts may consider when calculating reasonable awards of attorneys' fees." *Graceland Fruit, Inc. v. KIC Chemicals, Inc.*, 320 F. App'x 323, 329, 2008 WL 4949151 (6th Cir. 2008). *See Blanchard v. Bergeron*, 489 U.S. 87, 91 n.5 (1989) (describing the *Johnson* factors as useful considerations to take into account when determining whether a fee award is reasonable); *McCann v. Coughlin*, 698 F.2d 112, 130 (2d Cir. 1983) (citing the *Johnson* factors as "other relevant factors in determining the size of a fee award").

Here, Magistrate Judge Stafford cited and briefly addressed the *Johnson* factors. ECF No. 38, PageID.661–62. Although she did not specifically apply each of the twelve factors to the attorney's fees requested by Plaintiff's counsel in this case, referencing instead the "strong presumption" that the lodestar figure is reasonable, ECF No. 38, PageID.662 (quoting *Perdue v. Kenny A. ex. Rel. Winn*, 559 U.S. 542, 553

---

(4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Johnson*, 488 F.2d at 717–19.

(2010)), the factors plainly informed her analysis of the reasonableness of Plaintiff's requested fees. The Magistrate Judge was not required to expressly analyze the *Johnson* factors because the lodestar amount in fact incorporates those factors. *Project Vote v. Blackwell*, No. 1:06–CV–1628, 2009 WL 917737 (N.D. Ohio Mar. 31, 2009) ("Here, however, the Court finds that the lodestar already incorporates the twelve *Johnson* factors and ultimately represents a reasonable attorneys' fee award for Plaintiffs."). The prevailing concern in assessing attorney's fees is their reasonableness, and the Magistrate Judge in this case conducted a thorough analysis of the requested fees' reasonableness. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee.") (citation omitted). Additionally, the Court does not find that detailed application of the *Johnson* factors to this case would warrant any downward departure from the lodestar amount. For these reasons, Defendants' third objection is overruled.

### D. Objection 4: Failure to account for re-use of extensive prior work

Defendants' fourth objection is that the Magistrate Judge did not diligently audit Warner's invoices to determine the number of hours he spent drafting the complaint and subsequent briefing because she did not consider Warner's previous experience with FDCPA cases. The Court finds, first, that this objection fails to identify with requisite specificity

the precise finding of fact or law with which Defendants take issue. Additionally, Defendants do not cite any law for the proposition that attorney's fees should be reduced where the attorney has extensive prior experience practicing in an area of law and consequently has access to past briefing in similar cases. Moreover, the Court finds that the Magistrate Judge ably analyzed the time sheets provided by Plaintiff's counsel and regarding the reasonableness of the time spent on this case by Plaintiff's counsel was essentially correct, but for the slight reduction in the hours Warner may claim for time spent on the attorney's fees response brief. There is nothing in the record to indicate that Warner's time sheets are inaccurate. This objection is overruled.

### E. Objection 5: "Inapplicable considerations of the magistrate's report"

Finally, Defendants object that the Magistrate Judge improperly considered extraneous information about the case in assessing the reasonableness of Plaintiff's requested attorney's fees. Specifically, Defendants suggest that the over-zealous nature of the demand letters they sent in efforts to gather an uncollected debt "clouded [the Magistrate Judge's] consideration of the specific issue of a fair and reasonable determination of attorney fees, under the FDCPA." ECF No. 40, PageID.681. The Court finds no basis for this objection in the language of the Report and Recommendation, or anywhere else in the record. Magistrate Judge Stafford thoroughly reviewed the time sheets provided

by Plaintiff's counsel, as well as the briefing provided by each party on the attorney's fees question and reached the conclusion—supported by analysis of relevant facts and law—that the fees requested by Plaintiff are reasonable. This objection is overruled.

## CONCLUSION

For these reasons, Defendants' objections (ECF No. 40) are **OVERRULED IN PART** and **SUSTAINED IN PART**, and the Report and Recommendation (ECF No. 38) is **ACCEPTED AND ADOPTED IN PART** as the opinion of the Court and **MODIFIED IN PART**. Accordingly, Defendants' motion to determine attorney's fees (ECF No. 30) is **DENIED**. Plaintiff's counsel John Evanchek is awarded $1,016.00 in attorney's fees. And Plaintiff's counsel Curtis Warner is awarded $9,480.00 in attorney's fees and $423.40 in costs. Plaintiff's request for an additional $2,680 in fees incurred in responding to Defendants' objections to the Report and Recommendation is **DENIED**.

Dated: December 30, 2019    s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE